## Bunch v. Bunch.

HUSBAND AND WIFE.—DEED.—PLEADING.—Suit to quiet the title and to recover the possession of land. The complaint alleged that the plaintiff had been the wife of the defendant, and that while she was his wife the defendant had conveyed to her a tract of land; that the consideration of such conveyance, as expressed therein, was the sum of $800, which the defendant had received of the separate estate of the wife, about one-half of

Bunch v. Bunch.

which had been applied to the purchase of said real estate, and the desire of the defendant to provide comfortably for his wife; that the plaintiff had afterwards procured a divorce from the defendant, in a county other than that in which the land was situated, and that by the terms of the decree her title to the land had been confirmed. The defendant answered, admitting the execution of the deed, but denying that he had ever received anything from his wife by the marriage, and alleging that in fact she never had any separate estate whatever; that during the marriage the plaintiff frequently abandoned her home without cause, and that in the hope that she would be more contented, and because of her repeated requests, defendant conveyed said land to her, and for no other consideration whatever; that defendant did not at that time know that the plaintiff had been guilty of adultery, but that in fact she had; that the said real estate was all the property owned by defendant except a small amount of personal property, not more than enough to pay his debts; that the plaintiff, knowing that the defendant was then residing on said land, had instituted proceedings against him for a divorce in another county, and had, upon an affidavit that defendant was not a resident of the State, fraudulently procured a decree of divorce upon a publication of notice, and without actual notice to the defendant.

*Held*, that the deed, having been executed during coverture, was void in law.

*Held*, also, that such conveyances, though void in law, are sometimes upheld and confirmed by courts of equity, in clear cases, where such confirmation is demanded by the dictates of right and justice.

*Held*, also, that the complaint presents such a case as, *prima facie*, to justify the exercise of the chancery powers of the court in upholding the conveyance.

*Held*, also, that the facts presented in the answer make such a case as to forbid the exercise of the chancery powers of the court to sustain the conveyance.

*Held*, also, that the court granting the divorce to the wife had no jurisdiction to make any valid decree as to the land, which was situated in another county.

*Held*, also, that as the action was to quiet title, and not simply to recover the possession of real estate, it was proper, if not absolutely necessary, that the defendant should specially plead all matters in confession and avoidance of the complaint.

APPEAL from the *Warren* Circuit Court.

ELLIOTT J.—Suit by *Mary Jane Bunch* against the appellant, *Willis Bunch*, to quiet the title to certain lands and to recover the possession thereof. The complaint alleged the following facts: That on the 22d day of *January,*

1862, said *Willis Bunch*, who was then the husband of said *Mary Jane*, conveyed to her the land in controversy, by deed in fee simple, the consideration of which is thus stated in the deed: "That he, the said *Willis*, has received of the said *Mary Jane* the sum of about $800, through and by virtue of his marriage with said *Mary Jane*, and in further consideration that he, the said *Willis*, has used of said sum of $800, so received by and on account of his said marriage with said *Mary Jane*, about the sum of $400, in the purchase of and in part payment for the real estate hereinafter conveyed, and for the further consideration that the said *Willis*, for and on account of the natural love and affection he bears for his said wife *Mary Jane*, and to make her whole against the money received of her as aforesaid, is desirous of making her comfortable in this life." It is further alleged that said *Willis*, in addition to the $800 stated in the deed, received the further sum of "about $1,200, of the separate and individual property of said *Mary Jane*;" that the deed was executed by said *Willis* and received by her in good faith, and for the consideration therein expressed; that at the *May* term, 1865, of the Court of Common Pleas of *Montgomery* county, *Indiana*, she obtained a divorce from said *Willis*, and by the judgment and decree of said court her title to the land in controversy was in all things confirmed and held valid. The complaint prayed that her title to the land be quieted, and for the possession thereof. A copy of the decree of divorce in the *Montgomery* Common Pleas Court is made a part of the complaint, but it does not contain the complaint for divorce on which the decree was rendered.

The defendant filed an answer, the substance of which is as follows: The defendant admits the execution of the deed mentioned in the complaint, but denies that he ever received any sum of money of or from said plaintiff by virtue of his said marriage with her, or that he used any money belonging to or obtained from her in the purchase of the land described in the complaint; that said *Mary Jane*

was exceedingly poor at the time of their marriage, which occurred some twenty-six years prior to the date of filing said answer, as was also said defendant; that some ten or eleven years before the date of the answer, they sold and conveyed her interest in certain real estate in *Miami* county, *Indiana*, and the defendant received in payment therefor two horses and a saddle, without any agreement or understanding between them, express or implied, that he was to account to her therefor; that said property was received by him and used for the common benefit of their family, and was not expended in the purchase of said land; that said property was the only property or money he ever received through or by virtue of his marriage with the plaintiff, and that she never had any other separate estate; that they were married in 1839, and afterwards had two children, both boys, the fruit of their marriage; that soon after their marriage she exhibited a restless and discontented disposition; that when their children were quite small, she frequently abandoned the defendant and left the children without her care for weeks at a time, whilst she was in search of company more congenial to her feelings; that from these ramblings at times she voluntarily returned, but at other times she remained absent until defendant went to her and urged her to return; that in the year —— she left him and the children and went to the State of *Iowa*, among strangers, with the purpose, as the defendant believed, of finally abandoning him, and so remained in *Iowa* for five months, during which time one of their children sickened and died; that grieved at the loss of his child, and hoping that that sad event would tend to reform her, and in that event being willing to forgive and forget the past, he went to *Iowa*, and, on her promise to do better in the future, brought her home again; that for a considerable time thereafter her conduct, to all outward appearances, was unobjectionable, and she seemed comparatively contented, but frequently importuned and entreated him to convey the land to her, which then appeared to be her only

cause of discontent; that yielding to her importunities, hoping thereby to render her contented, and for the sole purpose of inducing her to remain with him, and without any other consideration whatever, he executed to her the deed set out in the complaint; that at the time of executing the deed, the defendant did not know or suspect that the plaintiff had been guilty of infidelity to her marriage vow, by becoming an adulteress, but that in fact she had been guilty of adultery with one *Martin Nem*, who at the time was living with them, a short time before the execution of said deed, and that she had been guilty of adultery with other persons to the defendant unknown, at different times and places, to him also unknown, prior to the execution of the deed, all of which she carefully concealed from the defendant; that the land in dispute was all the property owned by the defendant at the time, except a wagon and team and a few other small items, of little value, which said property was not more than sufficient to pay his then existing debts; that soon after the deed was executed, the plaintiff became restless and dissatisfied and abandoned the defendant several times, and finally was only induced to return by the defendant agreeing to rent the farm out and remove to *Crawfordsville*, in *Montgomery* county, which he did; that they had only lived there a short time when she again abandoned him, and he then went back again to his farm; that during all the time they resided in *Crawfordsville*, the plaintiff, without the knowledge of the defendant, kept up a correspondence with one *Dan. Shepman*, "a man of base character for lewdness," who resides in *Warren* county; that the plaintiff remained in the vicinity of *Crawfordsville*, and knowing that the defendant was residing on the land in controversy, in *Warren* county, filed a complaint for divorce in the Court of Common Pleas of *Montgomery* county, and procured an affidavit to be filed that the defendant was not a resident of the State, and thereupon procured notice by publication, and finally fraudulently procured a decree of divorce, without any actual notice to the defendant.

The court sustained·a demurrer to the answer, for the reason that it did not state facts sufficient to bar the action, to which the defendant excepted. The court then rendered a decree and judgment in favor of the plaintiff, in accordance with the prayer of the complaint.

The ruling of the court on the demurrer to the answer raises the only question in the case. The deed to the land in question, executed by the defendant to the plaintiff during their coverture, was void in law. This is not questioned by the plaintiff's counsel; indeed the complaint praying that the title may be vested and quieted in her is based on the assumption that the deed is void at law, and appeals to the equity powers of the court for its confirmation. Such conveyances, though void at law, are sometimes upheld and confirmed by courts of equity. The confirmation of such contracts is not a right to be enforced in all cases. Such claims are addressed to the sound discretion of the court, and are only confirmed, after a most cautious examination, in clear cases, where such confirmation is demanded by the clearest dictates of right and justice. *Shepard* v. *Shepard,* 7 Johns. Ch. R. 57; *Wallingsford* v. *Allen,* 10 Peters 583; 2 Story's Eq. Jur., §§ 1372, 1374; *Fritz* v. *Fritz,* 23 Ind. 388.

In the case at bar, the complaint presents such a case as *prima facie* to justify the exercise of the chancery powers of the court in upholding the conveyance. It alleges a valuable consideration paid by the wife, as well as the meritorious one of a desire on the part of the husband to make a reasonable provision for his wife, and alleges that it was done in good faith. But the answer of the defendant, to which the demurrer was sustained, presents a very different state of facts. It denies that the land was purchased in whole or in part with money or property received from or through the wife, or that defendant ever received anything from her or her separate property, except two horses and a saddle, which had been used for the common benefit of the family, without any promise or agreement on the part of the husband to account to the wife therefor. It avers that the

only consideration for the conveyance was a desire to quiet her importunities, and induce her to remain with him as a contented wife; that the land so conveyed was all the land held or possessed by the defendant, and that he did not possess other property more than sufficient to pay his debts. It charges her with adultery, and alleges that soon after the execution of the deed she became discontented, and after inducing him to move to *Crawfordsville*, abandoned him, and finally procured a decree of divorce by fraud, without his knowledge. These facts, we think, are well pleaded, and if true as alleged, and their truth is admitted by the demurrer, present such a case as forbids the exercise of the chancery powers of the court to confirm and uphold a conveyance void at law.

It is claimed by the appellee that the Court of Common Pleas of *Montgomery* county, in decreeing the divorce, decreed to the plaintiff this land in lieu of alimony. This the court had no power to do. Nor does the copy of that decree, which is made a part of the complaint, sustain the assumption. It shows a decree and judgment for $1,000 as alimony, besides an attempted confirmation of her title to the land. But the decree vesting the title of the land in the plaintiff was void for the want of jurisdiction in the court over the land, which was situated in another county. 2 G. & H., § 28, p. 56.

But it is insisted by the appellee that under section 596, 2 G. & H., 283, the only answer permissible in such cases is a denial of the allegations of the complaint, under which all matters of defense may be given in evidence. In this we think he is in error. Without admitting that an answer in confession and avoidance may not be filed in an action simply for the recovery of the possession of real estate, it is sufficient to say that the statute does not apply in this case. It is true that the plaintiff here demands the possession of the land, but the primary object of the complaint is first to procure the aid of the chancery powers of the court to confirm a title void at law, on which void title the claim for

possession is based, and without that aid the plaintiff must fail in the suit, and to procure such aid it was necessary that the plaintiff should specifically state the facts relied on as entitling her thereto. In such a case it is proper, if not absolutely necessary, that the defendant should answer specially any matter of defense that he may have by way of confession and avoidance.

We think the answer sufficient to bar the action, and that the court erred in sustaining the demurrer.

The judgment is reversed, with costs, and the cause remanded, with instructions to the court below to overrule the demurrer to the answer, and for further proceedings.

*J. McCabe,* for appellant.

*J. M. Butler,* for appellee.