## ROBERTS v. KOSS ET AL.

[No. 4,579. Filed February 26, 1904.]

LIENS.—*Building Contractors.*—*Subcontractors.*—Where a subcontractor notifies the owner of a building that he will hold him responsible for the amount which the original contractor is indebted to him, setting forth the amount of his claim and the services rendered, the owner by the express terms of §7262 Burns 1901 becomes liable therefor, not exceeding the amount he is indebted to the original contractor. *pp. 511–516.*

APPEAL AND ERROR.—*Questions of Fact.*—*Evidence.*—Where the questions upon which the rights of the parties to an appeal depend are questions of fact, and were determined by the trial court, and there was evidence to support the determination of the court, the Appellate Court can not disturb the judgment. *pp. 516–518.*

From the Superior Court of Marion County (62,826); *Vinson Carter,* Judge.

Action by J. Harry Roberts against William F. Koss and others. From a judgment in favor of defendants, plaintiff appeals. *Affirmed.*

Roberts *v.* Koss.

*W. V. Rooker,* for appellant.

*Albert Baker, Edward Daniels* and *F. Winter,* for appellees.

COMSTOCK, J.—Suit by appellant as a subcontractor against the appellee Koss as principal contractor, and against appellees Lewis and the Realty Investment Company as owners of the premises on which certain buildings were erected, for the excavations of which the appellant did the work. The complaint was in two paragraphs, the first declaring on a special contract, the second being on a *quantum meruit* for work and labor done. There was exhibited with each paragraph a notice to the property owners to withhold from the principal contractor moneys which the subcontractor claimed were owing him for his services in the premises.

In his first paragraph of complaint the appellant averred that on the 11th day of February, 1901, the appellee Lewis owned certain real estate, which was described; that on said date the appellee Lewis employed his co-appellee Koss to furnish all materials and labor, and to do and finish the clearing of said premises, excavations, grading, and filling in, concrete and rubble-work, window sills and door sills in rubble-work, and coping for and in flat building "then and thereafter to be erected on Capitol avenue north of Eleventh street," the whole of said work to be done and finished in conformity with the drawings and specifications prepared by Adolph Scherrer, architect, which drawings and specifications were made a part of the contract, but which were not exhibited with the complaint because they were in the possession of the defendants. The written contract between Lewis and Koss, omitting the plans and specifications marked exhibit A, was filed with the complaint; that pursuant to his employment as principal contractor, and in partial performance thereof, the said Koss engaged the plaintiff to do the work and labor and furnish the materials for excavating said cellars according

to said plans and specifications; that said employment of the plaintiff was evidenced by a memorandum in writing, but no copy of which was exhibited with the complaint, because the memorandum was in the custody and possession of the defendants; that plaintiff had performed all the conditions of said contract on his part to be performed; that in the course of the construction of the building the defendant the Realty Investment Company acquired an interest in the premises; that there was due and owing plaintiff on account of said work and labor done $1,136.80, on which sum interest was demanded because of unreasonable delay in payment; that plaintiff served on the defendant property owners notice in writing, particularly setting forth the amount of plaintiff's said claim for which his employer was indebted to him, and stating that plaintiff held the owners responsible therefor; that when the notice was given the owners were indebted to the principal contractor in a sum largely in excess of plaintiff's claim; that a copy of said notice in writing was exhibited with the complaint; that plaintiff had been obliged to employ an attorney to prosecute this action for the collection of the indebtedness, and his services were reasonably worth $200. Judgment was demanded for $1,500 and all proper relief.

In the second paragraph of complaint it was averred that the defendants were indebted to plaintiff for work and labor done and material furnished in and about the erection and construction of a building known as the Lewis flats, on certain described real estate, which said work and labor done, etc., were done and furnished by the plaintiff to the defendants at their especial instance and request on and between February 11 and June 8, both in 1901; that said work and labor done, etc., were reasonably worth $1,200; that a bill of particulars of said work and labor done, etc., marked exhibit B, was filed, etc.; that there had been unreasonable delay in the payment, etc., by reason whereof

plaintiff was entitled to have and recover interest, etc. Judgment was demanded for $1,500.

The Lewis-Koss contract, marked exhibit A, appears in the record. It recites an agreement February 11, 1901, between Lewis as first party, and Koss as second party, whereby and in consideration of the payments and covenants subsequently recited to be made and performed by first party, the second party obligated himself "to furnish all materials and labor done of whatsoever kind, and to do and finish complete the clearing of the premises, excavations, grading, and filling in concrete and rubble-work, window-sills and door-sills in rubble-work, and one coping for a new flat to be erected on Capitol avenue north of Eleventh street, in the city of Indianapolis, State of Indiana." It further recited that the work was to be done and finished in conformity with drawings and specifications prepared by Adolph Scherrer, which were made a part of the contract; that work was to be commenced immediately, and completed before March 30, 1901, and one-half of the work was to be finished before March 15, 1901; that the contractor was to execute a bond for the faithful performance of his contract and for the payment of all claims, liens, or demands whatsoever, etc.; "that if any alterations, additions, or omissions are made in the work during its progress, the value of the same shall be decided by the architect, etc.;" that second party was to receive for the performance of the contract $5,975; that payments were to be made semi-monthly, on architect's estimates, deducting twenty per cent. of the amount of each until the final estimate; that upon the completion of the work a final estimate was to be made, and upon a stipulated showing of the payment of claims against the property the balance was to be paid to second party; that liquidated damages in the sum of $25 a day were to be paid by second party to first party for each and every day work remained unfinished

beyond the term of the contract. The defendants, Charles S. Lewis and the Realty Investment Company, each answered the complaint with a general denial. The defendant William F. Koss answered, (1) with a general denial; (2) with a plea of payment; and (3) that the cause of action mentioned in the two paragraphs of complaint was one and the same; that all the work done was done pursuant to a special contract in writing between the plaintiff and the defendant Koss, a copy of which contract, marked exhibit A, was filed with the answer; that by the terms of that contract plaintiff agreed to do and furnish at and for the sum of $2,150 all the work, labor, and material required by the provisions of the memorandum; that, before the bringing of this action, the defendant Koss paid the plaintiff the full sum of $2,150. Exhibit A filed with the answer was the contract between Koss and the plaintiff, which the latter had not been able to exhibit with his complaint because the memorandum was in the defendants' possession. This contract, in so far as the two have concurrent terms, is upon the same form used in the agreement made between Lewis and Koss, which was exhibited with the complaint, and is summarized *supra*. The defendants' exhibit A recites that the plaintiff as second party agrees to do and finish complete the clearing of the premises, excavations, grading, and filling in for a new flat to be erected for Charles S. Lewis on Capitol avenue, north of Eleventh street, in the city of Indianapolis, etc., "the whole of said work to be done and finished in conformity with the drawings and specifications prepared by Adolph Scherrer, architect, and according to the contract made between Charles S. Lewis and William F. Koss, and dated February 9, 1901, which drawings, specifications, and contract are understood to be incorporated in and made a part of this agreement." The bond executed by the plaintiff to the defendant Koss to secure the performance of the contract is attached to exhibit A.

The plaintiff replied to the special answer of the defendant Koss with a general denial. The court made a special finding of facts, including seventeen items, and stated thereon four conclusions of law. The following are the conclusions of law: "(1) That the removal of the soil above the level of the lower edge of the first floor joists is included in both the contract of the defendant Koss with the defendant Lewis and the contract of the plaintiff with the defendant Koss, and is not entitled to be charged for as an extra; (2) that the plaintiff is entitled to recover of the defendants, Koss and Realty Investment Company, the sum of $550 and the further sum of $55 for attorney's fees, making in all the sum of $605, together with his costs; (3) that the defendant Koss is entitled to recover of the defendants, Lewis and Realty Investment Company, the sum of $1,375 and the further sum of $100 as attorney's fees, making in all the sum of $1,475, together with his costs, and also to a foreclosure of the mechanic's lien on the real estate mentioned in his cross-complaint, and an order for the sale; (4) that whatever amount the Realty Investment Company shall pay upon the judgment in favor of the plaintiff shall operate as a credit upon the judgment in favor of the defendant Koss." To which conclusions of law, and to each of them, appellant excepts.

The appellant relies upon the following alleged error in the record for a reversal of the judgment, viz.: The trial court erred in limiting the right of the plaintiff to recover as against Koss, the principal contractor, to the plaintiff's right to recover as against Lewis and the Realty Investment Company, the owners of the property. It is claimed that this limitation is shown by the absence of material facts from the finding, and it is impliedly the twelfth finding of fact and by the first conclusion of law. The twelfth finding is as follows: "(12) That if the excavation above the lower level of the first-floor joists is to be considered an

extra, then there would be due to the defendant Koss the further sum of $714.30 from the defendant Lewis, and there would be due the plaintiff from the defendant Koss the further sum of $564.30.

Appellant served notice on appellees in compliance with §7262 Burns 1901. Under the statute, and the notice given thereunder, appellees were liable to appellant personally for whatever amount the original contractor, their co-appellee, was indebted to appellant; it being admitted that at the time the notices were given they were indebted to their co-appellee in a larger sum than was claimed by appellant. The amount could only be determined by reference to the contract and the law governing the same which existed between appellant and appellee Koss, the statute making them liable for Koss' debt to appellant. So it is argued that the court erred in giving the same construction to the contract between appellant and Koss that it did to the contract between Koss and his co-appellees. We understand appellant to concede that the contract in question was correctly construed by the court as between these appellees and their co-appellee Koss, and this court so holds. But appellant insists that the court erred in its construction of the contract between appellant and appellee Koss.

Appellee Koss claims that the question tried by the court below was one of fact whether the contracts of Koss and his subcontractor Roberts were entered into without knowledge on their part as to the locality of the lot upon which work was to be done, or of the nature and elevation of its surface above the sidewalk grade, and in reliance upon statements made to them by architect Scherrer that the grade line shown in the plan by referring to the point R in the court between the buildings correctly indicated the natural elevation of the lot above the grade of the sidewalk, and therefore that no earth or other materials would

have to be excavated or removed above the grade line indicated at point R.

In addition to other evidence the architect Adolph Scherrer testified that the contract did not show anything in reference to the natural surface of the ground upon which the proposed building was to be erected, and that the grade lines referred to were those of the finished work, or the work when completed; that the plan indicated that the top of the finished grade in the court was eighteen inches higher than the sidewalk grade. The specifications provide that the premises are to be taken in their present condition, and that the contractor "is to remove above and below the grade line all contents necessary to be removed for the erection of the new structure." In addition, the architect Scherrer testified that he did not state to either Koss or Roberts or Koss' clerk, Fritz, that the grade line at point R indicated the natural elevation of the lot, and there was also evidence tending to show that the locality of the lot was known to Mr. Roberts before he entered into the subcontract with Koss, and also to Mr. Fritz, Mr. Koss' clerk. The contract between appellant and appellee Koss recites: "That for and in consideration of the payments and covenants hereinafter mentioned to be made and performed by the said party of the first part, the said party of the second part does hereby covenant and agree to furnish all the material and labor of whatsoever kind, and to do and finish complete the clearing of the premises, excavation, grading, and filling in, for a new flat to be erected for Charles S. Lewis on Capitol avenue, north of Eleventh street in the city of Indianapolis, State of Indiana. The whole of the said work to be done and finished in conformity with the drawings and specifications prepared by Adolph Scherrer, architect, and according to the contract made between Charles S. Lewis and William F. Koss, and dated February 9, 1901, which drawings, specifications, and contract are understood to be incorporated in and made a part of

this agreement." The questions of fact upon which the rights of appellant and appellee Koss depend were determined by the court below against appellant. There was evidence to support the determination of the court, and we can not, therefore, disturb the judgment.

Appellant admits that the statement of the issue made by appellee Koss and the evidence stated is correct, but is only applicable to the issue raised by his cross-complaint, and that such cross-complaint is not a part of the record in this appeal. The first special finding states the amount to be paid appellee Koss according to the contract between appellees Lewis and Koss, "a copy of which contract between said plaintiff and the said William F. Koss is filed with the cross-complaint of the defendant William F. Koss, marked exhibit A." The cross-complaint is also referred to in the third conclusion of law. In the transcript of appellant's evidence it appears that counsel for appellant introduced in evidence "the cross-complaint of William F. Koss, filed in this case on March 7, 1902, which was admitted in evidence and read to the court and copied into the record in full as exhibit No. 11." It also appears that the court rendered judgment on the cross-complaint, from which no appeal is taken. Upon the foregoing showing appellant can not be heard to say that the cross-complaint is not in the record.

Appellees contend that the contract was ambiguous, and that the interpretation put upon it by the parties should control. We do not concede that it was. It was, however, construed by the court, and, upon all the evidence, correctly, as we think, and that construction was sustained by evidence. The contracts were, as to the question here involved, identical, and there should be one interpretation for all the parties interested.

Judgment affirmed.

Henley, C. J., Black, Robinson, and Roby, JJ., concur. Wiley, P. J., absent.