(96 App. Div. 281.)

## OLCOTT v. SHEPPARD, KNAPP & CO.

(Supreme Court, Appellate Division, First Department. July 13, 1904.)

1. DEEDS—RESTRICTIONS—VIOLATION—AWNINGS.

An awning in front of a building extending 13 feet from the house line to the curb, supported by five posts, and covered with a roof of translucent glass, etc., did not constitute a violation of a restriction in a deed providing "that the front line of any messuages, dwelling houses or other buildings" shall recede 8 feet from the street line.

2. SAME—ADJOINING PROPERTY OWNER—RIGHTS—ESTOPPEL.

Where plaintiff's property was subject to the same restriction imposed on defendant requiring the front line of buildings, dwelling houses, etc., to recede 8 feet from the street, and plaintiff erected a three-story dwelling on his lot, in front of which an iron railing projected 6 feet beyond the stoop, which projected 8 feet beyond the building, and there was an iron and wooden balcony, which projected 3 feet into such courtyard space, plaintiff was estopped to complain that defendant maintained an awning in front of his adjoining building extending into such space.

Van Brunt, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Euphemia H. Olcott against Sheppard, Knapp & Co. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

¶ 1. See Covenants, vol. 14, Cent. Dig. § 169; Deeds, vol. 16, Cent. Dig. § 542.

J. Hampden Dougherty, for appellant.
Daniel Daly, for respondent.

McLAUGHLIN, J. The plaintiff, as the owner of No. 111 West Thirteenth street, brought this action to enjoin and restrain the defendant from maintaining a glass and metal awning in front of its building Nos. 107–109 West Thirteenth street. The complaint alleged that the construction and maintenance of the awning was in violation of the following covenant in defendant's deed of conveyance of the lot upon which the building is erected:

"Subject, nevertheless, to the condition, restriction and agreement that the front line of any messuages, dwelling houses or other buildings which may at any time be erected upon the premises hereby granted fronting towards 13th street aforesaid shall recede eight feet from the northerly line of said 13th street, which space of eight feet between the front line of such messuages, dwelling houses or other buildings and the said northerly line of 13th street, is forever to be left open as and for court-yards in front of said buildings respectively."

At the conclusion of the trial the learned trial judge reserved, without passing upon, the question of whether the plaintiff could, in any event, maintain the action, and dismissed the complaint, upon the ground that the defendant, in constructing and maintaining the awning, had not violated the covenant above quoted. The sole question presented, therefore, is whether the evidence adduced at the trial is sufficient to sustain such finding.

There is little or no dispute of fact. Upon the plaintiff's lot is a three-story dwelling, in front of which is an iron railing, which projects 6 feet beyond the stoop, which itself projects 8 feet beyond the building. There is also an iron and wooden balcony, which projects 3 feet. Next to and adjoining the plaintiff's dwelling on the east is the defendant's building, which is five stories high, and in which it has carried on business for many years. The awning, for a space of 25 feet in front of the building, extends 13 feet from the house line, and then for the remaining width of the building, extends to the curb line. It is supported by five posts. Three of them are 8 feet from the front of the building and two of the curb, and none of them appear to be in the courtyard space. The roof is translucent glass, similar to glass used in skylights. The highest portion of the awning is 5 feet 1 inch above the top of plaintiff's stoop, and slopes towards the curb about 2 feet 4 inches, where it is only about 2 feet 1 inch above the stoop. The courtyard space is open, and, in effect, constitutes a part of the sidewalk in front of the defendant's building. Taking all of the evidence into consideration as to the construction of the awning, I am of the opinion that it is not a violation of the covenant referred to. That covenant contemplates that the space shall be kept open so far as building upon it is concerned. The restriction is: "That the front line of any messuages, dwelling houses or other buildings * * * shall recede eight feet from the northerly line of 13th street." The awning certainly is not covered by the words "dwelling houses or other buildings," nor do I think it is covered by the word "messuages," which, in the sense here used, is synonymous with "dwell-

ing house" (Bouvier's Law Dictionary, vol. 2, p. 407). It is no more part of the building than an ordinary awning would be. The courtyard space certainly is much more free and open than is that in front of the plaintiff's dwelling, and she holds the title to her lot subject to the covenant above quoted. It is difficult to see, therefore, how she is in a position to invoke the equitable powers of the court to restrain the defendant from doing that which she is herself doing. A court of equity favors only worthy claimants.' Thus, it has been held that one will not be allowed the abatement as a nuisance of a structure on his neighbor's premises if he maintains an equally offensive structure on his own. 11 Am. & Eng. Enc. of Law (2d Ed.) p. 163; Cassady v. Cavenor, 37 Iowa, 300.

But, however this may be, I am of the opinion that the trial court reached the proper conclusion, and the judgment appealed from, therefore, should be affirmed with costs. All concur, except VAN BRUNT, P. J., who dissents.