## TAPPEN ET AL. *v.* ESHELMAN ET AL.

[No. 20,516. Filed March 9, 1905.]

1. APPEAL AND ERROR.—*Deeds.—Mortgages.—Conflicting Evidence.—* The finding of the trial court that a deed was not in fact a mortgage will not be reversed on appeal where the evidence was conflicting. p. 341.

From Superior Court of Madison County; *Henry C. Ryan,* Judge.

Action by Elizabeth S. Tappen and others against Allen B. Eshelman and another. From a decree for defendants, plaintiffs appeal. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Fred E. Holloway* and *William S. Diven,* for appellants.
*Bagot & Bagot,* for appellees.

JORDAN, J.—This is a proceeding supplementary to execution under §828 *et seq.* Burns 1901, §816 *et seq.* R. S. 1881. Appellants seek thereby to have a warranty deed, executed by Allen B. Eshelman and Sarah I. Eshelman, his wife, conveying to Daniel F. Mustard certain real estate,

declared to be a mortgage, and to have the mortgaged premises subjected to the payment of a certain judgment in favor of appellants, and against appellee Allen B. Eshelman. The cause was tried by the court, and there was a finding adverse to appellants, and over their motion for a new trial judgment was rendered that they take nothing, and that appellees recover costs.

The only error assigned is predicated on overruling the motion for a new trial. The argument advanced for a reversal is that the decision of the trial court is not sustained by sufficient evidence and is contrary to law.

All of the evidence in the case was introduced on the part of appellants. No witnesses were called by the appellees. Neither Sarah I. Eshelman nor Daniel F. Mustard testified at the trial. The insolvency of Allen B. Eshelman is shown, and there is evidence further to establish that on and prior to October 29, 1890, appellees were husband and wife, and said relation still continues. On April 12, 1895, appellants recovered a judgment against Allen B. Eshelman in the Madison Superior Court for $427.90. On October 17, 1901, an execution was issued on this judgment, and it was returned by the sheriff unsatisfied. On and prior to October 29, 1890, said Allen B. Eshelman was the owner in fee of eighty acres of land situated in Madison county, Indiana. He, at that time, was indebted to Daniel F. Mustard, of said county, in the sum of $3,600, which indebtedness was evidenced by a certain promissory note held by Mustard. Appellee Allen B. Eshelman was introduced as a witness by appellants, and he testified that on October 29, 1890, for the purpose of paying and satisfying said indebtedness of $3,600, he sold and conveyed to Mustard, by warranty deed, his wife joining therein, the said eighty acres of land. At the time of said conveyance it appears that there was an understanding or agreement between him and Mustard in regard to renting the land and a reconveyance thereof. This agreement, however, was not reduced to writ-

ing and signed by the parties until one year after the sale and conveyance in question. It, in substance, after reciting the fact of the conveyance by Allen B. Eshelman to Mustard, stated that the latter had leased the premises in question to said Allen B. Eshelman for a term of five years; that in consideration of said leasing said Allen was to pay Mustard $288 cash at the expiration of each year, and in addition thereto he was to pay all legal taxes and assessments against the land during the continuance of the tenancy. It was further stipulated in the article, as a part of the consideration of the conveyance to Mustard, that if at any time within the five years of said tenancy said Allen should pay to Mustard the sum of $3,600, together with eight per cent interest from the date of the agreement, and all taxes and assessments and insurance on the buildings that might have been paid by Mustard, then, on the payment in full of said sums, Mustard would, by himself and wife, convey by quitclaim deed the said eighty acres to said Allen, or to any other person whom he might designate. In the event of his failure to comply with any of the conditions of the agreement in question, then all of his rights thereunder as a tenant or purchaser should be forfeited. Allen B. Eshelman testified that he sold the land to Mustard for $3,600; that he was in debt to the latter to that amount, and gave up the land in payment thereof. He further stated that the $3,600 was all the land was worth at the time of the sale and conveyance; that Mustard, after the conveyance, took possession and control of the land, and leased it to him for a term of five years, and surrendered up the note which was the evidence of the indebtedness. It is shown that on December 23, 1896, Mustard sold and conveyed the land in controversy to appellee Sarah I. Eshelman by a warranty deed for $3,600. Mrs. Eshelman mortgaged other real estate which she owned in her own right, and thereby secured $2,800, which she paid to Mustard as a part of the pur-

chase price of the land.　The remaining $800 she secured by executing a mortgage on the eighty acres so sold and conveyed to her.

Appellants theory from their standpoint is that, under the evidence, the deed of Allen B. Eshelman purporting to convey absolutely the eighty acres of land to Mustard must be regarded as a mortgage to secure the indebtedness of $3,600.　It is apparently insisted that Allen B. Eshelman after the execution of the deed in question continued to be the owner of the equity of redemption in and to the land in controversy, and that such interest of his therein should be applied in satisfaction of the judgment.

The verified complaint in this case charges, in the langauge of §828 Burns 1901, §816 R. S. 1881, that Allen B. Eshelman "unjustly refuses to apply" this property towards the satisfaction of appellants' judgment.　His wife, Sarah I. Eshelman, appears to have been made a party to the proceedings under §831 Burns 1901, §819 R. S. 1881, on the ground that she held and controlled the equity of redemption which her said husband had in and to the land. Whether, under the facts herein, it can be held that appellants are entitled to the remedy of proceedings supplementary to execution, we need not and do not decide, as the judgment must be affirmed on other grounds.

The following facts are undisputed:　(1) That Allen B. Eshelman was the owner in fee simple of the eighty acres of land in controversy at the time he executed the warranty deed for the land to Mustard; (2) that at that time he was indebted to the latter in the sum of $3,600, which was due, and that he was not able to pay the same in money.

1.　Counsel for appellees contend that there is evidence in the case which fully sustains the finding of the lower court, and that therefore, under the well-settled rule, this court will not be justified in disturbing the judgment on the evidence. Appellants' counsel contend that, aside from the bald and

inconsistent statements of Allen B. Eshelman, unsupported, as they claim, by any other testimony, the fact remains and is uncontradicted that the entire transaction culminating in the transfer of the real estate to appellee Sarah I. Eshelman contains all of the essential elements of a mortgage. While it is true that there are circumstances, in connection with the conveyance of the land to Mustard, which tend to support the claim of appellants that the deed was to serve only as a security for the indebtedness in question, nevertheless there is a conflict between this circumstantial evidence and that given by Allen B. Eshelman which this court on appeal can not undertake to reconcile. This duty was within the province of the trial court.

Upon the evidence the claim made by appellants that the deed in dispute was but a mortgage becomes a question of fact. To recapitulate: Allen B. Eshelman positively testified at the trial that he sold and conveyed the real estate in question to Mustard in good faith in payment and satisfaction of the $3,600 which he owed, and that Mustard, upon the conveyance of the land, surrendered up the promissory note which was the evidence of the debt. He testified that the $3,600 was all that the land was worth at the time of the conveyance in question; that he was in debt to Mustard, which indebtedness he desired to pay, and for this reason or purpose he conveyed the land in satisfaction thereof. He stated that Mustard, after the conveyance, took possession of and control of the land, and that he became Mustard's tenant under the written agreement heretofore referred to. This was the explanation given by him relative to the conveyance of the land. The evidence which he gave goes to establish that after the conveyance of the land by him to Mustard the relation of debtor and creditor in respect to the $3,600 no longer existed between them. As said in *Mead v. Burk* (1901), 156 Ind. 577, 582: "In order to justify this court in disturbing a judgment of the lower court in any case or proceeding, upon the evidence alone, the latter

must be such as to raise a question of law, and not one merely of fact."

We conclude that the judgment should be affirmed. Judgment affirmed.