## BURK v. MATTHEWS GLASS COMPANY.

[No. 5,804. Filed April 25, 1907.]

1. APPEAL.—*Weighing Evidence.—Contracts.*—The Appellate Court will not weigh conflicting evidence upon the amount due under a contract. p. 83.
2. SAME.—*Weighing Evidence.—Principal and Agent.*—The Appellate Court will not weigh conflicting evidence on the question whether the defendant executed the contract sued upon as an agent or individually. p. 83.
3. NEW TRIAL.—*Contrary to Law.*—A decision is not "contrary to law" where it is within the evidence and based upon a sufficient complaint. p. 84.
4. SAME.—*Newly-Discovered Evidence.—Statutes.*—Evidence found on March 1, is not "newly discovered" within the meaning of §568 Burns 1901, cl. 7, §559 R. S. 1881, where the trial was begun February 16, and the finding made on April 10, since the party had the right to move for a consideration of such evidence during the trial and before the decision was announced. p. 84.

From Wabash Circuit Court; *A. H. Plummer,* Judge.

Action by the Matthews Glass Company against Benjamin F. Burk. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*G. A. Henry* and *P. H. Elliott,* for appellant.

*Manley & Stricler* and *Chauncey L. Medsker,* for appellee.

MYERS, C. J.—Appellee sued to recover a balance claimed to be due for glass sold and delivered to appellant. The complaint was in two paragraphs; the first on account, and the second upon a written contract. The issues were closed by an answer and reply. Trial by the court. Finding and judgment in favor of appellee.

Appellant assigns as error the overruling of his motion for a new trial, and in support thereof urges the following reasons: That the amount of recovery is too large, that the decision of the court is not sustained by sufficient evidence, and is contrary to law, and because of newly-discovered evidence.

I.   The written contract upon which the second paragraph of complaint is founded reads as follows:

"Marion, Indiana, October 26, 1899.

It is hereby understood and agreed by and between the Matthews Glass Company, of Matthews, Grant county, Indiana, and Benjamin F. Burk, of Marion, Indiana, that the former is to sell the latter virtually all· the glass it makes during the blast of 1899 and 1900 at a discount which will be five per cent lower than the lowest price made by the American Window Glass Company, all rebates included on all sizes single strength and on all sizes double strength sixty united inches or less.   On all sizes double strength over sixty united inches the price is to be seven and one-half per cent lower as herein mentioned.   On all shipments made to Marion freight is to be allowed. If shipments are to be made other than to Marion and as directed by said Burk, then no freight is to be allowed.   The quality of the glass is to be fully up to standard brands.   Should the price be lower than what would be equal to ninety per cent from present list, then said glass company is to have the privilege of not furnishing in case they decide not to sell, and if for any reason of dissatisfaction on the part of either party, this agreement may be annulled on one week's notice.  ·Payment for glass is to be made by said Burk promptly on receipt of same, less two per cent.

Matthews Glass Company, per
A. Wuchner, Secretary.
Joseph Mayer, President.
Benjamin F. Burk.'

Upon a former appeal (*Matthews Glass Co.* v. *Burk* [1904], 162 Ind.·608), a construction was placed upon the above contract, and it was held that the contract was an executory one; that the price of each shipment of glass should be fixed at the time of the delivery of such shipment; that "the intent of the parties appears to have been that all

glass delivered should be paid for on delivery, and that such payment should close the transaction to that extent,'' and that appellant was not entitled to a reduction of the price of glass on account of rebates made by the American Window Glass Company on December 7, 1899.

While there is a direct conflict in the evidence on the question as to the amount appellee should recover, yet under the above construction of the contract there is evidence in the record supporting the court's finding.

1. The fact that the record discloses evidence from which the court would have been justified in finding a less amount due, only goes to show that the ultimate fact was reached by weighing the evidence, which is wholly within the province of the trial court, and its finding on such evidence will not be disturbed on appeal. *Union Traction Co.* v. *Buckland* (1905), 34 Ind. App. 420; *Roberts* v. *Koss* (1904), 32 Ind. App. 510.

II. Regarding the sufficiency of the evidence to support the finding, it is earnestly insisted that the evidence shows that appellee elected to and did treat the contract as the contract of the Marion Window Glass Works, and

2. not the contract of appellant. The contract between the parties was plain and unambiguous. There is nothing either in the body of the contract or in the signatures to indicate that any other than the signers were parties thereto. In the body of the contract only the names ''Matthews Glass Company,'' of Marion, and ''Benjamin F. Burk'' appear, and it is signed by appellant as an individual. Shipments were made as directed by Burk, and payments were to be made by him. All shipments of glass, except one, were made to appellant individually. True, there is evidence in the record tending to show that appellee was dealing with the Marion Window Glass Company, and not with appellant individually. But there is also evidence, which, taken in connection with the contract itself, authorizes the court's conclusion that the glass was sold to appellant individually.

This being true, the question here presented is one of fact and not of law. *Cincinnati, etc., R. Co.* v. *Madden* (1893), 134 Ind. 462; *Elkhart Paper Co.* v. *Fulkerson* (1905), 36 Ind. App. 219.

III.   On the question whether the decision of the court is contrary to law, it is sufficient to say that appellant does not insist, nor do we know of any ground for insisting, 3.   that either paragraph of the complaint does not state a cause of action, or that the decision of the court is not within the issues, and, it appearing that there is some evidence to sustain the court's finding, its decision is therefore not contrary to law.

IV.   The newly-discovered evidence, because of which a new trial was asked, consists of certain writings signed by appellee, tending to show that appellee understood and 4.   treated the contract in suit as the contract of the Marion Window Glass Works, and that appellant was, in the execution of the contract, acting as the representative or agent of such glass works. The trial of the case commenced on February 16, 1905. The finding of the court was made on April 10, 1905, and judgment was rendered on the same day. In his affidavit in support of the motion for a new trial, because of newly-discovered evidence, appellant states that the new evidence was "found and delivered to him after the trial aforesaid, to wit, on or about March 1, 1905, by Luretta Barney, stenographer and assistant bookkeeper of the Marion Window Glass Works, and that she discovered said evidence on that date, as she was overhauling and examining certain old and abandoned papers, letters, etc., of the Marion Window Glass Works in the office of said company." The motion for a new trial was filed April 27, 1905. Appellant's affidavit states that the evidence was not discovered until after the trial, but it appears from the affidavit that the evidence was discovered on or about March 1, 1905. The finding was not made until April 10 following. It thus appears that this evidence was dis-

covered sometime before the court made its finding, but no attempt was made to have the court consider the evidence before the finding was announced, as the trial was not concluded until there was a finding and judgment.　*Pitzer* v. *Indianapolis, etc., R. Co.* (1881), 80 Ind. 569; *Lillard* v. *State* (1898), 151 Ind. 322; *Hotsenpiller* v. *State* (1895), 144 Ind. 9.

We think it must be concluded that the record affirmatively shows that the evidence was discovered during the trial.　If appellant knew of this evidence on March 1, and did not disclose the fact, but waited five or six weeks until the court announced its finding against him, he must be held to have taken his chances of a finding in his favor, and he cannot now be permitted, because of newly-discovered evidence, which was in his possession long before the finding was announced, to complain of a finding against him.　Under this state of facts the evidence could not be said to be newly discovered, within the meaning of the statute (§568 Burns 1901, cl. 7, §559 R. S. 1881), and a ground for a new trial. Having considered all of the questions argued by appellant, and, finding no error, the judgment of the trial court is affirmed.