# ILO OIL COMPANY v. INDIANA NATURAL GAS AND OIL COMPANY.

[No. 21,301. Filed June 10, 1910. Rehearing denied October 28, 1910.]

1. APPEAL.—*Weighing Evidence.*—The Supreme Court will not weigh conflicting evidence. p. 636.
2. INJUNCTION.—*Pumping Oil.*—*Doing Equity.*—*Clean Hands.*—A plaintiff that is pumping oil by the use of artificial means has no standing in court to enjoin defendant from doing the same thing, but in a greater degree, since the plaintiff must do equity and come into court with clean hands. p. 637.

From Delaware Circuit Court; *Joseph G. Leffler*, Judge.

Suit by the Ilo Oil Company against the Indiana Natural Gas and Oil Company. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*A. Leo Weil, C. M. Thorp, R. S. Gregory, W. J. Lotz* and *R. W. Ross*, for appellant.

*W. O. Johnson, W. H. H. Miller, C. C. Shirley* and *S. D. Miller*, for appellee.

MONK, C. J.—Appellant brought this suit to enjoin appellee from using devices for pumping, and from employing any other artificial power or appliance for the purpose, or having the effect, of increasing the natural flow of natural gas and oil from wells belonging to appellee. It is alleged in the amended complaint that appellee "is by compressers, pumps, suction lines and stations producing a vacuum and suction upon the gas and oil, sand and rock, underlying the land covered by its leases and leases of appellee and surrounding territory, and thereby it has been sucking the oil and gas away from appellant's property, and destroying its wells and leases, and that appellee threatens to continue and will continue such application unless enjoined," etc. Prayer for an injunction. Appellee filed an answer in two paragraphs, the first paragraph was a general denial, the second

set up, in substance, that appellant was guilty of the same acts complained of in its complaint, but in a lesser degree. The court, at the request of both parties, made a special finding of facts and stated conclusions of law thereon. The conclusions were: (1) The law is with defendant, and plaintiff is entitled to take nothing by its complaint herein. (2) Defendant is entitled to recover its costs in this suit laid out and expended.

Over a motion for a new trial, judgment was rendered in favor of appellee. The errors assigned by appellant call in question each conclusion of law and the action of the court in overruling appellant's motion for a new trial.

Appellee insists that if under the rule declared in *Manufacturers Gas, etc., Co.* v. *Indiana Nat. Gas, etc., Co.* (1900), 155 Ind. 461, 50 L. R. A. 768, it might be enjoined from increasing the natural flow of gas and oil, by pumping or other artificial means, appellant is not in a position to obtain such relief, because the court found that it was also guilty of the same acts in connection with the matter in controversy. The court, in its special finding, found facts which show that appellant was guilty of the same acts in a lesser degree, in connection with the same matter, which it seeks to enjoin appellee from doing.

This finding of the court is challenged by appellant in its motion for a new trial, on the ground that it is not sustained by sufficient evidence. There is, however, evidence

1. to support this finding, and it is well settled that the finding made by a trial court as to questions of fact will not be disturbed when there is evidence to support such finding. Ewbank's Manual §128; *Neal* v. *Burk* (1901), 156 Ind. 577, and cases cited; *Tappen* v. *Eshelman* (1905), 164 Ind. 338; *Thompson* v. *Beatty* (1909), 171 Ind. 579, and cases cited; *Parkison* v. *Thompson* (1905), 164 Ind. 609; *Burk* v. *Matthews Glass Co.* (1907), 40 Ind. App. 81; *Ellison* v. *Flint* (1909), 43 Ind. App. 276; *Roberts* v. *Koss* (1904), 32 Ind. App. 510.

As appellant was guilty, although in a lesser degree, of the same acts charged against appellee, the court will leave the parties where it finds them, for the reason that he 2. who seeks equity must do equity, and must come into court with clean hands. *Pittsburgh, etc., R. Co.* v. *Town of Crothersville* (1902), 159 Ind. 330, 332, 337, and cases cited; *Bunch* v. *Bunch* (1866), 26 Ind. 400, 405, 406; *McAllister* v. *Henderson* (1893), 134 Ind. 453; *A. N. Chamberlain Co.* v. *H. A. Chamberlain Co.* (1909), 43 Ind. App. 213, and cases cited; *Cassady* v. *Cavenor* (1873), 37 Iowa 300; *Brutsche* v. *Bowers* (1904), 122 Iowa 226, 97 N. W. 1076; *Medford* v. *Levy* (1888), 31 W. Va 649, 8 S. E. 302, 2 L. R. A. 368, and note, 13 Am. St. 887; *Acheson* v. *Stevenson* (1890), 130 Pa. St. 633, 18 Atl. 873; *Nebraska Tel. Co.* v. *Western, etc., Tel. Co.* (1903), 68 Neb. 772, 95 N. W. 18; *Board, etc.,* v. *O'Dell Commission Co.* (1902), 115 Fed. 574; *Olcott* v. *Sheppard Knapp & Co.* (1904), 96 App. Div. 281, 89 N. Y. Supp. 201; *Edward Thompson Co.* v. *American Law Book Co.* (1903), 122 Fed. 922, 59 C. C. A. 148, 62 L. R. A. 607; *Manhattan Medicine Co.* v. *Wood* (1883), 108 U. S. 218, 2 Sup. Ct. 436, 27 L. Ed. 706; *Hilson Co.* v. *Foster* (1897), 80 Fed. 896; *Joseph* v. *Macowsky* (1892), 96 Cal. 518, 31 Pac. 914, 19 L. R. A. 53. See note to *Knapp* v. *S. Jarvis Adams Co.* (1905), 70 C. C. A. 536, 543, 546, 548-550; 1 Pomeroy, Eq. Jurisp. (3d. ed.) §§385, 397-399; 11 Am. and Eng. Ency. Law (2d ed.) 163; 16 Cyc. 144-149.

It is evident, therefore, under said findings, that even if appellee might be enjoined from the acts complained of— a question we need not and do not determine—appellant is not in a position to obtain such relief.

Judgment affirmed.