## SCHILLING *v.* QUINN ET AL.

### [No. 21,979. Filed November 1, 1912.]

1. JUDGMENTS.—*Validity.*—*Collateral Attack.*—A collateral attack on the judgment of a court of general jurisdiction must fail, unless the judgment, on the face of it, is utterly void. p. 446.

2. JUDGMENTS.—*Validity.*—*Personal Judgment in Action to Foreclose Lien.*—In an action to foreclose a lien for the erection of a partition fence, built pursuant to §§7377-7382 Burns 1908, Acts 1897 p. 184, providing for the erection of partition fences and authorizing the township trustee under certain conditions to contract for the erection of such fences and providing that there shall be no personal liability of the trustee, but that contractors shall rely on their liens exclusively, a personal judgment against the defendant, rendered instead of a decree of foreclosure, was

not void, where the court had jurisdiction of the parties and of the subject-matter of the action. p. 446.

3.   JUDGMENTS.—*Erroneous Judgments.—Relief.*—Relief from erroneous judgments can be obtained only through a direct attack thereon, as by appeal therefrom, or by a complaint for review under §645 Burns 1908, §615 R. S. 1881, providing for the review of judgments. p. 446.

4.   INJUNCTION.—*Right to Relief.—Legal Remedy.*—An injunction will not be granted where there is an adequate legal remedy. p. 447.

5.   JUDGMENTS.—*Enjoining Sale.—Right to Relief.—Clean Hands.*—Where defendant has failed to pay for a partition fence erected pursuant to a contract awarded by the township trustee under §§7377-7382 Burns 1908, Acts 1897 p. 184, he is without clean hands and not entitled to relief enjoining the sale of his property on execution under a personal judgment rendered in favor of the contractors in an action for the foreclosure of their lien. p. 447.

6.   JUDGMENTS.—*Void Judgments.—Equitable Relief.*—Although a judgment is void on its face, a court of equity will not grant relief therefrom, if there is no showing of a meritorious defense. p. 447.

7.   APPEAL.—*Review.—Harmless Error.—Rulings on Demurrers.*—The overruling of demurrers to bad answers is not reversible error, where the complaint does not state a cause of action. p. 447.

8.   APPEAL.—*Briefs.—Waiver of Points.*—By failing to set out in his brief under "Points and Authorities," a cause relied on for a new trial, or to state any point with reference thereto as required under Rule 22 of the Supreme Court, appellant waives a consideration thereof. p. 447.

9.   APPEAL.—*Motion for New Trial.—"Judgment Contrary to Law."*—An assignment as cause for new trial that "the judgment of the court is contrary to law," presents no question for consideration on appeal. p. 448.

10.   APPEAL. — *Record. — Assignment of Errors. — Modifying Judgment.*—An assignment that the court erred in entering judgment modifying the original judgment, presents no question for consideration on appeal, where the record shows that no motion to modify the judgment was made in the court below. p. 448.

From Starke Circuit Court, *F. J. Vurpillat,* Judge.

Action by Edgar W. Schilling against William Quinn and others. From a judgment for defendants, the plaintiff appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*Peters & Peters,* for appellant.

*Wm. J. Reed* and *Beeman & Foster,* for appellees.

SPENCER, J.—Action by appellant against William Quinn and Loren A. White, judgment creditors, and Gabriel Doyle, sheriff of Starke county, to enjoin a levy and sale under an execution issued on a judgment against said appellant in favor of Quinn and White. Appellees' demurrer was overruled and answers filed. Trial by court, resulting in a decree enjoining the sale, under the execution, of any of appellant's property, except the real estate covered by the contractor's lien. Appellant's motion for a new trial overruled.

Errors assigned are: (1) Overruling appellant's demurrers to the several paragraphs of answer; (2) overruling his motion for a new trial.

In June, 1907, a township trustee of Starke county, Indiana, awarded Quinn and White a contract to build a partition fence between the lands of appellant and one Whitney, under §§7377-7382 Burns 1908, Acts 1897 p. 184, which fence appellant was legally bound to maintain. Appellees, Quinn and White, constructed said partition fence, but appellant failed and refused to pay for his part of the same. June 24, 1907, appellees had their properly authenticated certificate from the trustee, showing the amount of work expended and materials used, recorded in the recorder's office of Starke county. The contractors brought an action to foreclose their lien in November, 1907, in the Starke Circuit Court, and recovered a judgment against appellant for $125, but no decree of foreclosure was rendered. An execution was issued to the sheriff of Starke county, ordering a levy on the property of appellant. Appellant then brought this action to restrain the sheriff from making a levy, and prays a perpetual injunction. The court granted said injunction as to a levy on appellant's property, except the southeast quarter of the southwest quarter and a certain

five acres out of the northeast quarter of the southwest quarter, all in section twenty, township thirty-three north, range one west, in Starke county, Indiana.

The complaint proceeds on the theory that the court had no power to render a personal judgment against appellant, hence the judgment is void. This proposition is based on §7380 Burns 1908, Acts 1897 p. 184, §4, which provides that there shall be no personal liability of the trustee, but the contractors shall rely on their lien exclusively.

1. This is a collateral attack on a judgment of a court of general jurisdiction, which must fail, in any event, unless the judgment, on the face of it, is utterly void. *Baltimore, etc., R. Co.* v. *Freeze* (1907), 169 Ind. 370, 82 N. E. 761; *Brooks* v. *Morgan* (1905), 36 Ind. App. 672, 76 N. E. 331; *Graham* v. *Loh* (1904), 32 Ind. App. 183, 69 N. E. 474; *Miedreich* v. *Lauenstein* (1909), 172 Ind. 140, 86 N. E. 963, 87 N. E. 1029; VanFleet, Collat. Attack §1.

2. This judgment was not void, for the court had jurisdiction of appellant and of the subject-matter of the action.

3. The court may have erred in rendering a personal judgment against appellant. *Burck* v. *Davis* (1905), 35 Ind. App. 648, 73 N. E. 192. However, there might be conditions under which such action would not be erroneous. If appellant, for a lawful consideration, had agreed, in writing, to pay at a certain time the amount of the contractor's claim, a personal judgment would not have been erroneous. Relief from erroneous judgments can be obtained only through a direct attack thereon. This judgment might have been attacked by appeal, or a complaint to review it under §645 Burns 1908, §615 R. S. 1881. See *Ross* v. *Banta* (1895), 140 Ind. 120, 34 N. E. 865, 39 N. E. 732; *Michener* v. *Springfield Engine, etc., Co.* (1895), 142 Ind. 130, 40 N. E. 679, 31 L. R. A. 59.

An injunction will not be granted where there is an ade-

quate legal remedy. *Martin* v. *Pifer* (1884), 96 Ind.

4. 245; *Ross* v. *Banta, supra; Michener* v. *Springfield Engine, etc., Co., supra.* Appellant had an adequate legal remedy by appeal, or complaint to review.

One seeking equitable relief must do equity, and must come into court with clean hands. *Pittsburgh, etc., R. Co.* v. *Town of Crothersville* (1902), 159 Ind. 330, 64 N. E. 914; *A. N. Chamberlin Co.* v. *H. A. Chamberlin Co.* (1909),

5. 43 Ind. App. 213, 86 N. E. 1025; *Ilo Oil Co.* v. *Indiana Nat. Gas, etc., Co.* (1910), 174 Ind. 635, 92 N. E. 1, 30 L. R. A. (N. S.) 1057. Appellant has not done equity, and has not come into court with clean hands, because he has failed to discharge his just obligation in the matter in controversy.

Where there is no showing of a meritorious defense, a court of equity will not grant relief, even where the judgment is void on its face *Meyer* v. *Wilson* (1906),

6. 166 Ind. 651, 76 N. E. 748; *Jones* v. *Cullen* (1895), 142 Ind. 335, 40 N. E. 124; *Woods* v. *Brown* (1884), 93 Ind. 164, 47 Am. Rep. 369; *Williams* v. *Hitzie* (1882), 83 Ind. 303; 1 High, Injunctions (4th ed.) §§125, 126; 1 Spelling, Injunction (2d ed.) §99.

The complaint herein stated no cause of action, and the overruling of demurrers to bad answers thereto constitutes no reversible error. *Town of Windfall City* v. *State,*

7. *ex rel.* (1909), 172 Ind. 302, 88 N. E. 505; *Bonham* v. *Doyle* (1907), 39 Ind. App. 438, 77 N. E. 859, 79 N. E. 458; *Whitesell* v. *Strickler* (1907), 167 Ind. 602, 78 N. E. 845, 119 Am. St. 524.

Appellant has waived a consideration of the first

8. cause assigned for a new trial, by failing to set out in his brief, under the title of "Points and Authorities," or to state any point with reference thereto, as required under Rule 22 of this court.

The second ground for a new trial, that "the judgment

of the court is contrary to law,'' presents no question for consideration. *Migatz* v. *Stieglitz* (1906), 166 Ind. 361, 77 N. E. 400, cases cited.

The last error assigned is that the lower court erred in entering judgment in this cause modifying the original judgment. This assignment presents no question for consideration by a court of appeal. The record shows that there was no motion to modify the judgment to conform to the statute. ''No motion to modify the judgment, or objection to its form, was made in the circuit court, and it cannot be assailed in this court for the first time, on account of any of the objections stated in the assignment of error.'' *Midland R. Co.* v. *Dickason* (1892), 130 Ind. 164, 29 N. E. 775. See, also, *Martin* v. *Martin* (1881), 74 Ind. 207.

There being no reversible error in the record, the judgment is affirmed.

Monks and Myers, JJ., concur in the result.

NOTE.—Reported in 99 N. E. 740. See, also, under (1) 23 Cyc. 1055, 1070; (2) 23 Cyc. 800; (3) 23 Cyc. 1090; (4) 22 Cyc. 769; (5) 23 Cyc. 979; (6) 23 Cyc. 1031; (7) 31 Cyc. 358; (8) 2 Cyc. 1014; (9) 2 Cyc. 999, 1001; (10) 2 Cyc. 1001. As to relief in equity from judgments and other judicial determinations, see 54 Am. St. 218. As to injunctions against execution sales of personal property, see 111 Am. St. 97. On the question of injunction against judgment for errors and irregularities, see 30 L. R. A. 700. As to when a judgment at law will be enjoined by a bill in equity, see 12 L. Ed. U. S. 366.