KIRK COMPANY OF INDIANA *v.* CADICK, RECEIVER.

[No. 14,970. Filed May 7, 1935. Rehearing denied October 18, 1935.]

*Merle N. A. Walker,* and *Herberick, Weick & Powers,* for appellant.

*Cox, Conder, Bain & Cox,* and *Linton A. Cox,* for appellee.

CURTIS, J.—This action was commenced in the trial court by the appellee against the appellant upon a complaint in one paragraph, which, omitting caption and signature, we set out as follows:

"The plaintiff, Jeremiah L. Cadick, as receiver duly appointed by the Marion Superior Court Room 1, of Lombard Building Company, complains of the defendant, The Kirk Company of Indiana, and says: That upon his appointment as receiver the defendant was occupying certain leased premises held under lease by said Lombard Building Company for a period expiring in the year 1951, said premises being a five story building known as the Lombard Building (except one room and a part of the basement in said building) but was occupying the same without any right.

"That formerly another corporation, stranger to this action, has been occupying the said premises with a stock of merchandise, but for a number of months previously to the appointment of plaintiff as receiver, the said stranger to this action had been occupying the said premises without right being in said premises under a lease requiring the payment monthly in ad-

vance of a large sum, and many monthly installments of rental due from said stranger were in default.

"That the defendant on or about the 15th day of September, 1931, claiming to have purchased the stock of merchandise located upon the various floors of said leased premises, continued in said wrongful possession of said premises until November 1, 1931, whereby plaintiff and said Lombard Building were damaged in the sum of Three Thousand Five Hundred ($3500.00) Dollars.

"Plaintiff further alleges that upon leaving the said leased premises on or about November 1, 1931, the defendant converted to its own use and took away personal property of large value, to wit: one hundred or more electrical fixtures and a large hot water heating plant and certain partitions, the property of this plaintiff, of the total value of to wit: Twenty-Five Hundred ($2500.00) Dollars.

"Plaintiff further alleges that upon abandoning said premises in addition to the damages from said conversion of property belonging to plaintiff by acts of vandalism, including defacement of plastered and other walls by detachment of woodwork and other articles, leaving many nail holes and screw holes and broken paint and plaster and by the detachment of said converted fixtures which in more than one hundred instances had a cone shaped part pressed against the ceilings, left a condition requiring a refinishing of all of the ceilings and left large quantities of fibre glued upon a large portion of the floors.

"That these said leased premises were injured by these means just above described to the extent of to wit: Five Thousand ($5000.00) Dollars.

"And plaintiff prays judgment for all of said damages in the sum of Twelve Thousand ($12000.00) Dollars." The issues were closed by an answer in general

denial. The trial was before the court resulting in a general finding for the appellee against the appellant in the sum of $2000.00, upon which judgment was rendered.

In due course the appellant filed a motion for a new trial which was overruled with an exception reserved to the appellant and this appeal prayed and perfected. The only error relied upon for reversal is the ruling of the court upon said motion. It contained 13 causes or grounds, only three of which are presented for review in the appellant's brief. The other causes are thereby waived. The three causes or grounds presented are that the decision of the court is not sustained by sufficient evidence, is contrary to law, and newly discovered evidence.

In support of the latter contention the appellant has presented the affidavit and supplemental affidavits which were filed by it in the trial court with the motion for a new trial. The affidavit and supplemental affidavit of the appellee in opposition thereto are also presented. In our opinion the showing made by the appellant falls far short of what it was necessary to show in order to entitle it to a new trial on the ground of newly discovered evidence. From the appellant's own affidavit it is clear that it knew of the alleged evidence before the finding of the court was made. Appellant made no attempt to have the submission either set aside or to be permitted to offer the new evidence although it knew about said evidence before the decision was made. Instead of doing the things above suggested or of taking any other appropriate steps to get the evidence before the court, the appellant elected to wait until after the decision was made, then to complain because the trial court did not consider some paper handed to it informally and not in the course of the hearing of the evidence—a paper laid on

the desk of the trial judge not even in the presence of the attorneys for the appellee and lacking in almost all of the elements entitling it to be considered as evidence. There was certainly no error in overruling the motion for a new trial based on said ground. See: Watson's Revision of Works, Practice and Forms Vol. 2, section 2004, etc. See also *Burke* v. *Matthews Glass Company* (1907), 40 Ind. App. 81, 81 N. E. 88.

The main contention of the appellant as to the causes or grounds of the motion for a new trial that the decision is not sustained by sufficient evidence and is contrary to law is based upon what the appellant contends is uncontradicted evidence that the ownership of the personal property alleged by the appellee to have been converted to its own use by the appellant was in the appellant and not the appellee. In this contention the appellant errs. There was evidence before the court which it could believe to the effect that the electrical equipment, heating equipment, hot water heater, and check desk were paid for by the appellee Building Company out of its funds and not by the appellant. The appellant relied upon a bill of sale to it covering said property, from a third party. Of course, if said third party did not own the property its bill of sale would pass no title to the appellant. The trial court went into these transactions and we cannot say from our examination of the evidence that its decision is not sustained by some competent evidence (to say the least). There is no dispute about the fact that appellant was in possession of the premises from the latter part of September, 1931, to the 31st day of October, 1931. There was some evidence that the monthly rental alone was in a sum greater than the amount of the judgment.

Upon the whole record as presented to us we think that the decision is sustained by sufficient evidence,

that it is not contrary to law and that no error is shown in the matter of newly discovered evidence. The motion for a new trial was correctly overruled.

Judgment affirmed.