Filed Feb. 21, 1889.

No. 13,522.

## HALL ET AL. *v.* DURHAM.

REPLEVIN.—*Complaint.*—*Description.*—A complaint in replevin describing the property as " one hundred bushels of wheat of the value of $100, said wheat having grown in and harvested on the 28th and 29th of July, 1885, having been threshed off the following described real estate and the wheat ground situate thereon," describing the real estate, is sufficient after verdict.

SAME.—*Verification of Complaint by Attorney.*—Under section 1547, R. S. 1881, a complaint in replevin need not be verified by the plaintiff in person, but it may be verified by the attorney for the plaintiff, as his agent.

SAME.—*Mortgage.*—*Foreclosure.*—*Purchaser at Sheriff's Sale.*—*Crops.*—*Demand.*—A purchaser of land at sheriff's sale, under a decree of foreclosure, upon receiving a deed becomes entitled to the immediate possession of the premises, and crops thereafter sown and harvested by the mortgagor or his lessee, without the purchaser's consent, belong to the latter, and he may maintain replevin therefor without first making a demand.

From the Montgomery Circuit Court.

*M. E. Clodfelter, T. E. Ballard* and *J. A. Lindley,* for appellants.

*J. R. Courtney,* for appellee.

OLDS, J.—This is an action of replevin commenced be-

fore a justice of the peace for one hundred bushels of wheat, alleged to be of the value of $100.

There was an appeal taken to the circuit court; trial by the court; special finding of facts and judgment for appellee.

Two objections are urged to the complaint. The first is, that the description of the property is too vague and indefinite. The property is described as " one hundred bushels of wheat of the value of $100, said wheat having grown in and harvested on the 28th and 29th of July, 1885, having been threshed off the following described real estate and the wheat ground situate thereon, to wit." Then follows a description of the real estate.

The complaint is sufficient after judgment. *Powell* v. *Stickney*, 88 Ind. 310; *Malone* v. *Stickney*, 88 Ind. 594.

The second objection urged is, that the complaint is not verified by the plaintiff. The complaint is verified by John R. Courtney, the attorney for the plaintiff, who makes the affidavit as plaintiff's agent.

Section 1547, R. S. 1881, does not require the complaint to be verified by the plaintiff in person. The complaint was properly verified.

The court found the facts to be, that, on the 16th day of May, 1882, the plaintiff, William H. Durham, recovered a judgment against the appellant Hall for the sum of $275, and the additional sum of $87.92 costs, and a decree for the sale of the following described real estate to satisfy said judgment, to wit: The east half of the southwest quarter of section 21, town. 18 north, of range 5 west, in Montgomery county, Indiana; that, by virtue of a certified copy of said judgment and decree to him directed, the sheriff of said county, on the 24th day of May, 1883, sold said real estate to said Durham, and executed to him a certificate of purchase therefor; that afterwards, to wit, on the 21st day of June, 1884, the sheriff, in pursuance of said certificate, executed to Durham a deed for said real estate; that, on the 26th day of September, 1884, in an action between Durham,

appellee, and appellants Hall and Hall, in the Montgomery Circuit Court, Durham recovered a judgment against Hall and Hall quieting his, Durham's, title to said real estate, his right of action being based upon said deed; that in the action in the Montgomery Circuit Court between appellee, Durham, as plaintiff, and appellants Hall and Hall, as defendants, commenced March 12th, 1885, Durham, on the 18th day of June, 1885, recovered a judgment for the possession of said real estate, the plaintiff's right of recovery being based upon said deed and judgment quieting title; that ever since the 26th day of June, 1884, appellee, Durham, has been the owner and entitled to the possession of said real estate; that the appellants Hall and Hall were, on the 26th day of June, 1884, and for thirty years prior thereto, in possession of said real estate, and ever since have been wrongfully and unlawfully in the possession thereof, and claiming title thereto adverse to the plaintiff, but without any color or right of title whatever; that during all of said time the appellee, Durham, has been entitled to the possession thereof; that, on the — day of August, 1884, the appellant George Barclay, by virtue of a lease or contract with appellant John R. Hall, and without the consent of appellee, entered upon said real estate and sowed thereon a crop of wheat which he afterwards, in the summer of 1885, harvested and threshed, and put in a building on said real estate, and that there were sixty-three bushels and fifty pounds of said wheat; that, on the 29th day of July, 1885, this action was commenced, and at the time of the commencement of this suit the wheat was of the value of $50; that said wheat was not taken by virtue of any execution or other writ against Durham or his property; that by virtue of the writ of replevin in this suit, on the 29th day of July, 1885, said wheat was seized and placed in the possession of the appellee, Durham, and he now holds possession of the same; that, previous to the bringing of this suit, neither the appellee nor any

person in his behalf made any demand of the appellants for the possession of said wheat.

The court, upon these facts, stated the following conclusions of law :

1st. The appellee is the owner and entitled to the possession of the wheat described in the complaint, to wit : 63 bushels and 50 pounds.

2d. That the wheat is of the value of $50.

3d. That the appellants, at the time this suit was commenced, had possession of said wheat and unlawfully and without right detained the possession thereof from the appellee.

To the conclusions of law the appellants excepted and assign as error that the court erred in the conclusions of law.

It is contended by counsel for the appellants that, as the finding of facts shows the appellant Hall in possession of the real estate at the time he leased the land to appellant Barclay and remaining in possession of the same up to the time this suit was commenced, and that as he was claiming possession of the same, Hall was entitled to the wheat; that at least an action could not be maintained against Barclay in replevin until demand had been made ; that, having rented of a person in actual possession, he had rightful possession, and his detention would not be unlawful until after demand for possession by appellee. Counsel further maintain that appellee only became entitled to crops by the execution of the writ issued upon his judgment for the possession, and then only to the crops unharvested at the time the writ was executed and possession turned over to the appellee.

We can not concur in this theory.

It is an elementary principle that a deed to real estate carries with it the right of possession. In the case of *Jones* v. *Thomas*, 8 Blackf. 428, it is said : " If land mortgaged be sold under a decree of foreclosure, the purchaser will be entitled to the crops growing at the time of the sale, in prefer-

ence to a person claiming under the mortgagor and whose claims originated subsequently to the mortgage."

In the case of *Heavilon* v. *Farmers Bank of Frankfort,* 81 Ind. 249, the court refers to the case of *Jones* v. *Thomas, supra,* and says : " When *Jones* v. *Thomas, supra,* was decided, it was the established doctrine here, as elsewhere, that a mortgage transferred the title to the mortgagee, and, after condition broken, if not before, enabled him to maintain ejectment, and this led, inevitably, to the conclusion declared in that case. The rule, now well established, however, is, that a mortgage creates no estate in the mortgagee, but confers on him only a lien upon the estate of the mortgagor, which estate, by force of the mortgage, can be transferred to the mortgagee only by a foreclosure and sale according to law. When such foreclosure and sale can or will be accomplished in any case, can not be anticipated, and so the term of tenancy being uncertain, the case comes under the general rule already stated ; besides the statute of redemption now prolongs the right of possession of the land-owner or occupant beyond the time of sale, whether upon execution or decree, for the period of one year. When that year will terminate can not be known, of course, until the sale has been made, or, at least, advertised. After a sale has been made, or perhaps advertised, it would seem that, as against the purchaser, the tenant who would sow must do it at his peril."

It was formerly the well settled rule that when a mortgagee obtained the absolute estate in fee of the mortgaged premises, by becoming the purchaser under a foreclosure and sale, he was entitled to the emblements, and might maintain trespass against the mortgagor or his lessee for taking and carrying away the crops growing at the time of the sale.

This rule must certainly apply with full force as to crops sowed upon the land, after deed issues, without the consent of the purchaser, even if it does not apply to crops sowed before

with the knowledge that they will not ripen and can not be harvested until after the deed issues.

This doctrine is decisive of the questions presented in this case. Appellee foreclosed his mortgage, sold the real estate, and obtained his deed therefor on the 21st day of June, 1884. On the 26th day of September, 1884, appellee recovered a judgment against the mortgagors quieting his title to the real estate, and on June 18th, 1885, he recovered a judgment against the same parties for the possession of the real estate. These several causes of action grew out of the mortgage.

From the receipt of the deed for the premises he was entitled to the possession, and the detention after that time was unlawful and without right.

After the deed was executed, Hall, the mortgagor, leased the premises to Barclay, who sowed the wheat crop in the fall of 1884, and harvested the wheat in question in this case in the summer of 1885. Barclay had no greater rights than his lessor, and Hall's possession being without right, Barclay's was also without right, and the detention of the premises and wheat sowed and harvested upon the land after the deed issued to appellee in pursuance of the foreclosure and sale, was without right and unlawful, and no demand was necessary before suit.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed Feb. 21, 1889.