## THORNE ET AL. *v.* COSAND ET AL.

### [No. 20,033.   Filed May 15, 1903.]

APPEAL AND ERROR.—*Error Induced by Appellant.*—Appellant will not be heard to complain of the action of the court in submitting a cause of equitable cognizance to a jury, where the cause was so submitted at the instance of appellant and over the objection and exception of appellee.  *p. 567.*

DEEDS.—*Unsoundness of Mind of Grantor.*—*Undue Influence.*—*Instructions.*—An instruction that children have no natural or legal rights to the estate of their ancestors which can be asserted against the disposition of the same by the ancestors, the ancestors being free from undue influence, and of sufficient mental capacity, was proper in a suit by children to set aside a conveyance made by their mother on the ground of unsoundness of mind and undue influence.  *pp. 568, 569.*

GIFTS.—*Deeds.*—*Mental Capacity of Grantor.*—A standard of mental capacity set up in an instruction in a suit to set aside a conveyance, made to a son for love and affection, on the ground of the unsoundness of mind of grantor, that one has mental capacity sufficient to make a valid conveyance if at the time he is engaged in it he understands what he is doing, and understands the extent and value of his property, recollects the property he is disposing of, the persons who are the objects of his bounty, and the manner in which he is distributing his property among them is not erroneous.  *p. 569.*

EVIDENCE.—*Gifts.*—*Mental Capacity of Grantor.*—In a suit to set aside a conveyance of real estate, made for love and affection, by a wife through her son to her husband, on the ground of the mental incapacity of the grantor, evidence by the husband as to statements made by the wife at the time of such conveyance, in connection with those made by her when he previously conveyed the land to her without consideration, was admissible as showing the mental capacity of the grantor at the time of the last conveyance.  *pp. 569, 570.*

From Booné Circuit Court; *B. S. Higgins*, Judge.

Suit by Irvin E. E. Thorne and others against Frank Cosand and another.  From a judgment for defendants, plaintiffs appeal.  Transferred from Appellate Court, under §1337u Burns 1901.  *Affirmed.*

*J. M. Bailey, C. M. Zion* and *F. C. Durham*, for appellants.

*S. M. Ralston* and *W. J. Darnall*, for appellees.

HADLEY, C. J.—Action by appellants to set aside conveyances for unsoundness of mind of the grantor and undue influence. Appellants are sons of Susan Cosand by a former marriage. Appellee Aaron Cosand is the surviving second husband of Susan, and, appellee Frank Cosand is the son of Susan and Aaron. Susan Cosand, joined by her husband, Aaron (appellee), on February 16, 1900, executed a deed by which she conveyed her real estate in Jamestown to her son Frank (appellee) for love and affection, who, on the same day, by deed, conveyed the same to his father, Aaron. Appellants assault these conveyances, alleging in their complaint no consideration, and that their mother at the time she executed the deed to their brother Frank, was enfeebled in body and mind by disease and medicines, and was incapable of making a contract, or doing any sort of business, and was unduly persuaded, and induced to make the same. Prayer that said deeds be set aside and held for naught. Appellees answered by general denial. Trial by jury. Verdict and judgment for appellees. The overruling of appellants' motion for a new trial is the only alleged error.

Appellants' first complaint is that their cause, being of equitable cognizance, was submitted to the jury for trial. The record discloses that appellants demanded a trial by jury, and that the same was awarded them over the objection and exception of appellees. This being true they will not now, after the verdict has gone against them, be allowed to question the regularity of a step they induced the court to take over the protest of appellees. The verdict must therefore be treated in all respects as a verdict in a case at law. *Dawson* v. *Shirk*, 102 Ind. 184.

Further complaint is made of the giving by the court, of its own motion, instructions numbered two, three, four, eleven, and thirteen. The substance of the second was that

the plaintiffs could not recover without "proving, by a fair preponderance of the evidence, the material allegations contained in all or in some paragraph of their complaint." The point made against the instruction is that more than one ground of action is stated in each paragraph of the complaint, namely, unsoundness of mind and undue influence, and that the instruction is misleading and erroneous, because the plaintiffs were entitled to recover if they proved all the material averments of one of these grounds. We can not grant that either paragraph of the complaint contains two grounds or causes of action.  It is true that each paragraph contains averments of mental and physical weakness, and of incapacity to do business, induced by sickness, suffering, and medicines, but such averments are only descriptive of the mental state, which is shown thereby to be so enfeebled as to be unable to resist the persuasions and influences of the appellees.  Unsoundness of mind is nowhere averred, and it can not be fairly said that either paragraph contains more than one substantive cause of action, and this is undue influence.  The instruction, in general terms, was good as far as it went.  The court did not attempt to inform the jury what constituted the material allegations, nor was it required to do so; and, if the plaintiffs desired a more specific instruction upon this point, it was their duty to have prepared one, and to have requested its delivery to the jury.

The third informed the jury that the law placed every estate under the control of the owner, and subject to such final disposition thereof as he may choose to make, either by deed or will.  Children have no natural or legal rights to the estate of their ancestors which can be asserted against a disposition of the same by the ancestor.  Parents have a right to dispose of their property as they please, and to judge for themselves the objects of their bounty, and, if free from undue influence and insane delusion, and of

sufficient mental capacity, may give their property to whomsoever they will. We see no valid objection to this.

By number four the jury were instructed that one has mental capacity sufficient to make a valid conveyance if at the time he is engaged in it he understands what he is doing, and understands the extent and value of his property, recollects the property he is disposing of, the persons who are the objects of his bounty, and the manner in which he is distributing his property among them. There can be no doubt but the standard of mental capacity set up in the instruction would be sufficient to make a valid will, and it was held in *Teegarden* v. *Lewis,* 145 Ind. 98, "that the capacity to execute a will is the perfect requisite of a gift *inter vivos.*" The conveyance to appellee Frank, to which the instruction referred, was for love and affection, and comes within the rule. It was therefore not erroneous.

The record shows that the property in controversy was purchased in 1883 by appellee Aaron Cosand, paid for by him, and the title taken in his own name. Subsequently upon the request of his wife, Susan, he conveyed the same to her without valuable consideration; and so the title remained until she conveyed it to her son Frank, February 16, 1900, a few days before her death. Upon the trial the court permitted Aaron Cosand to give statements made by the wife at the time of each of said two last-named conveyances; the court, before such statements were given, having expressly charged the jury that they should not consider them for any other purpose than to illustrate the condition of the wife's mind at the time she executed the last deed, and as furnishing grounds for the non-expert opinion of the witness as to her sanity at the time spoken of.

Appellants insist that this testimony was erroneous and harmful, because it tended to prove that their mother held the title in trust for their stepfather, and that her deed of February 16, was probably construed by the jury as an ac-

knowledgment and as an execution of the trust. It is need-
less to enter upon a speculative discussion of the possible
effect of this testimony upon the jury, since it is firmly es-
tablished by the decisions of this court that conduct, conver-
sations, and statements of persons of questionable sanity,
had and made about the time in question, may be given to
the jury as tests of mental capacity, and as forming a basis
upon which non-expert witnesses will be allowed to express
opinions. The reasons which Mrs. Cosand gave for convey-
ing the property to her son, with the knowledge that he
would at once convey it to her husband, and whether such
reasons were facts or delusions, were proper subjects of in-
quiry, as tending to characterize the conveyance as a ra-
tional or as an irrational act; and, within the limitation
fixed by the court, the testimony was proper.

We find no error in the record. Judgment affirmed.