## TOWN OF WINAMAC v. STOUT.

[No. 20,631. Filed October 4, 1905. Mandate modified October 25, 1905.]

1. APPEAL AND ERROR.—*Joint Demurrer.*—*Several Assignment.*—A separate assignment of error questioning each paragraph of a complaint raises no question where the demurrer to such complaint was joint. p. 366.

2. TRIAL.—*Instructions.*—*Negligence.*—*Contributory.*—*Burden of Proof.*—Instructions that contributory negligence may be proved under the general denial and that the burden of proof on such issue is upon defendant are correct, and especially so when the court also instructs that plaintiff's evidence may be considered on such question. p. 367.

3. SAME. — *Instructions.*—*Municipal Corporations.*—*Negligence.*—*Contributory.*—The refusal to instruct, in a case of municipal negligence, that if plaintiff cast himself, in the night, upon a

known defect in the sidewalk he would be guilty of contributory negligence as a matter of law, does not constitute error where the evidence shows that plaintiff was ignorant of such defect. p. 367.

4. APPEAL AND ERROR.—*Instructions.—Failure to Show All Are in Record.*—Where the record on appeal fails to show affirmatively that all of the instructions given are in the record, it will be presumed that the substance of proper instructions requested was incorporated in those given. p. 369.

5. SAME.—*Modification of Decision.—Death of Party.*—On the suggestion of the death of a party prior to the decision on appeal, the decision will be modified so that the judgment will operate from the date of submission. p. 369.

From Starke Circuit Court; *John C. Nye,* Judge.

Action by Frank Stout against the Town of Winamac. From a judgment on a verdict for plaintiff for $500, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Warren W. Borders* and *Henry A. Steis,* for appellant. *Guthrie & Bushnell,* for appellee.

GILLETT, J.—Action by appellee against appellant to recover damages for negligence in the maintaining of a sidewalk. Error is sought to be predicated upon assignments of error drawing in question alleged rulings of the court below in respect to the first and second paragraphs of the complaint, respectively, and also on the overruling of a motion for new trial.

The complaint was in two paragraphs, and the objection urged against each of said paragraphs is that it does not sufficiently appear that the alleged negligence of appellant was the proximate cause of the injury. Appellee's counsel make the point that appellant's demurrer to the complaint was joint, and that it can not be given a distributive effect by means of separate assignments of error. Although the demurrer is styled a separate demurrer to the first and second paragraphs of plaintiff's complaint, yet there was no effort separately to question the suf-

ficiency of each paragraph; the demurrer being based on the ground that the facts set out in the first and second paragraphs of the plaintiff's complaint do not constitute a cause of action. It is clear that the demurrer is joint. *Terre Haute, etc., R. Co.* v. *Sherwood* (1892), 132 Ind. 129, 17 L. R. A. 339, 32 Am. St. 239; *Silvers* v. *Junction R. Co.* (1873), 43 Ind. 435; *Baker* v. *Groves* (1891), 1 Ind. App. 522. The record does not bear out the claim that there was a demurrer to either the first or the second paragraphs of complaint, considered separately, and consequently the assignments of error in respect to the complaint are not well founded.

Objection is made that under the second and twelfth instructions given by the court appellant was prevented from having the benefit of the evidence of the plaintiff on

2. the question of contributory negligence. The instructions mentioned are not open to objection. The mere fact that the court instructs the jury that the defendant is permitted to prove contributory negligence under the general denial, or states that the burden of proving that the plaintiff proximately contributed to the injury is upon the defendant, is nothing more in practical effect than a reaffirmation of the provisions of the statute, and may be given by the court without error. *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489. In addition, we may state that the record shows that in response to the request of appellant the court instructed the jury that although upon the question of contributory negligence the burden of proof was upon the defendant, yet that contributory negligence might be inferred from the evidence of plaintiff. It is clear that appellant has not the slightest ground of complaint on this score.

It is urged that the court erred in refusing to give an instruction on the subject of contributory negligence, the instruction being based on language used by this

3. court in *Bruker* v. *Town of Covington* (1879), 69 Ind. 33, 36, 35 Am. Rep. 202. Appellee received

his injury in the night-time, while passing over an alley crossing consisting of four planks laid lengthwise. One of the inside planks had been broken, or had decayed, near the middle, leaving an opening the width of the plank and about eighteen inches long. At the time in question there was a mudhole about two inches in depth at the opening, and appellee was injured owing to the fact that one of his feet slipped off the edge of a plank and into the hole, throwing him down. The crossing at the center was about the level of the surface of the alley. Appellant received his injury about the 1st of April, 1900. He took up his residence in Winamac, and began boarding at a hotel, not far from said crossing, about the middle of October, 1899. He was away about thirteen weeks during the meantime. He admitted while upon the stand that he had passed said crossing several times. When pressed for a more definite statement, he said that he could not state whether he had passed over it two or three or a dozen times. It was not his habit, however, to go over that crossing. During much of the time he was in Winamac said walk was covered with mud or snow. He resolutely denied that he had any knowledge of the defect. Appellant relies upon the single fact that appellee had passed over the crossing, as above stated, in proof of his knowledge of the existence of the defect. We have considered with care the evidence as it is set out in the bill of exceptions, and we are wholly unable to find a basis for such a conclusion upon the part of the jury. Whether appellant ever went that way when there was an opportunity to observe the defect does not appear, nor is there proof of any circumstances calculated to attract his attention to the condition of the crossing, if he might have observed it, or to show that he ever gave it the slightest heed. While it was competent for the jury to determine whether it would believe such facts as appellant as a witness asserted to exist, yet we perceive no ground for a conclusion which would involve not alone the refusal to believe him, but which would also require a sheer

guess that knowledge existed, when it would be perfectly consistent with all the evidence either that the crossing was covered with mud or snow or obscured by darkness when he had gone that way, or that he had not in fact observed the defect when he passed. The idea that appellant cast himself upon a known danger does not appear to us to have been a relevant hypothesis under the evidence, and for that reason, if for no other, the court was justified in refusing said instruction. We may add, however, that the record does not show that all of the instructions given are in the record, and it might therefore be presumed, if necessary to uphold the result, that the substance of the instruction refused was embodied in an instruction which is not set out. *Board, etc.,* v. *Gibson* (1902), 158 Ind. 471.

We have examined the evidence with a view of determining its sufficiency to support the verdict, and have concluded that there was adequate evidence to uphold the result.

Judgment affirmed.

PER CURIAM.—The death of appellee having been suggested, the judgment of affirmance heretofore rendered by this court is modified to the extent of ordering that said judgment be affirmed as of the date of the submission of this cause on appeal.