# THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* HARRISON.

[No. 21,754. Filed June 6, 1912. Rehearing denied October 11, 1912.]

1. NEGLIGENCE.—*Contributory Negligence.—Burden of Proof.—Instructions.*—Requested instructions, in an action for personal injuries, which cast the burden on plaintiff to prove freedom from contributory negligence, are properly refused, the plaintiff not being required under §362 Burns 1908, Acts 1899 p. 58, to allege or prove a want of contributory negligence on his own part. p. 326.

2. TRIAL.—*Instructions.—Incomplete Instruction.—Failure to Request Fuller Instruction.*—Where a party fails to request a fuller instruction, it cannot complain of the giving of one, which, though incomplete, is correct as far as it goes. p. 326.

3. APPEAL.—*Review.—Verdict.—Sufficiency of Evidence.—Credibility of Witnesses.*—It being the function of the jury to determine the credibility of the witnesses and to weigh the evidence, the court is not warranted in setting aside a verdict on appeal on the ground that it is not supported by sufficient evidence, if the record discloses that there was some evidence to support each allegation of the complaint. p. 327.

4. RAILROADS.—*Crossing Accident.—Invitation or Assurance of Safety.—Right of Recovery.*—Where the evidence showed that plaintiff was invited and directed by defendant's flagman to proceed to cross the tracks, and after the vehicle was upon the track

the flagman told the driver to hurry up and punched the horse as it passed him, that by the time the horse and vehicle passed the tracks and turned along a temporary driveway made by defendant the horse took fright at an approaching train and ran away, causing the vehicle to collide with a pile of chain placed by defendant at the side of the temporary driveway, whereby plaintiff was thrown from the vehicle and injured, plaintiff could recover therefor, since the invitation and direction of the flagman was an assurance of safety on which plaintiff had a right to rely. p. 327.

5. APPEAL.—*Excessive Damages.—Personal Injuries.—Review.*— Unless the assessment of damages in an action for personal injuries is so large as to induce the belief that the jury was actuated by prejudice, partiality or corruption, a verdict will not be set aside on the ground that the amount of damages awarded is excessive. p. 328.

From Hendricks Circuit Court, *James L. Clark,* Judge.

Action by Flora F. Harrison by her next friend, William A. Harrison, against The Cleveland, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Solon E. Enloe, Geo. T. Pattison, L. J. Hackney* and *F. L. Littleton,* for appellant.

*George W. Brill* and *George C. Harvey,* for appellee.

SPENCER, J.—Action by Flora F. Harrison, a minor, by her next friend, against appellant, to recover damages for personal injuries sustained by her on September 24, 1907, by reason of the negligence of appellant in leading appellee into danger, by the invitation and direction of a flagman maintained by appellant at a temporary grade crossing, because its invitation or direction was an assurance of safety on which appellee had a right to rely. The complaint was in one paragraph. Answer of general denial and trial by jury resulted in a finding and verdict for appellee for $9,000. The court rendered judgment on the verdict. Appellant filed a motion for new trial, which was overruled.

The error relied on by appellant for reversal is the overruling its motion for a new trial.

Appellant contends that the court erred in refusing to give its requested instructions five and six. Instruction five, among other things, sought to have the jury informed

1. that plaintiff cannot recover, unless, by a fair preponderance of the evidence, she has established the following proposition: "(1) That the plaintiff was not at the time of the accident guilty of any failure to exercise ordinary care for her own safety, which approximately contributed to her injury." By instruction six, defendant, among other things, sought to have the jury informed that before it would be justified in finding for plaintiff, "you must find from a fair preponderance of all the evidence in the case  *  *  *  that, at the time she was injured she was in due exercise of care and caution for her own personal safety." Neither instruction correctly stated the law. Each, if given, would have been erroneous, in that the burden of proving an absence of contributory negligence was thereby cast on plaintiff. Such burden, by force of our statute, was on defendant. §362 Burns 1908, Acts 1899 p. 58.

Appellant next complains of instruction four, given by the court of its own motion, which is as follows: "The plaintiff can not recover if she, by her own negligence, proximately contributed to her own injury. The burden of establishing such contributory negligence is on the defendant. Negligence on the part of the driver can not be imparted [imputed?] to the plaintiff."

This instruction is criticized because of the statement therein that the burden of establishing contributory negligence is on the defendant, and appellant contends

2. that such statement was calculated to mislead the jury and cause it to believe that contributory negligence could only be proved by defendant's witnesses. The ground of objection is not that the statement of the law in itself is incorrect, but that the court failed to make the instruction complete by informing the jury that contributory negligence might be proved either by the testimony of plain-

tiff's or defendant's witnesses, or by both. Appellant tendered no instruction on the subject. Had a fuller instruction been requested, we must presume 'the trial court would have given it to the jury, and, in the absence of such requested instruction, appellant cannot, with just reason, complain. *City of Huntington* v. *Breen* (1881), 77 Ind. 29; *Louisville, etc., R. Co.* v. *Grantham* (1885), 104 Ind. 353, 4 N. E. 49; *New York, etc., R. Co.* v. *Flynn* (1908), 41 Ind. App. 501, 81 N. E. 741, 82 N. E. 1009; *Thorne* v. *Cosand* (1903), 160 Ind. 566, 67 N. E. 257; *Indianapolis St. R. Co.* v. *Johnson* (1904), 163 Ind. 518, 72 N. E. 571; *Newcastle Bridge Co.* v. *Doty* (1907), 168 Ind. 259, 79 N. E. 485; *Town of Winamac* v. *Stout* (1905), 165 Ind. 365, 367, 75 N. E. 158, 75 N. E. 651; *Taggart* v. *McKinsey* (1882), 85 Ind. 392; *Ireland* v. *Emmerson* (1884), 93 Ind. 1, 47 Am. Rep. 364.

It is contended that the evidence is insufficient to support the verdict. An examination of the record discloses some evidence to support each allegation of the complaint, 3. and as it is the function of the jury to determine the credibility of the witnesses, and to weigh the evidence, this court is not warranted in setting aside the verdict on such ground.

The evidence in the record discloses that this was a highly dangerous crossing, made so by appellant for its own convenience and the better equipment of its road, by 4. reconstructing, relocating and straightening its roadbed and lines of railway track, recognized by appellant to be so dangerous, by placing thereon, to protect the traveling public desiring to use the public highway known as the Cartersburg road, a flagman or watchman, and equipping him with a flag for the purpose of indicating when it was safe for such traveling public to pass over the tracks of appellant, inviting and directing such persons to enter on said tracks for the purpose of passing over such dangerous crossing; that such flagman invited and directed appellee

to proceed to cross the tracks; that he knew the driver of the vehicle and the horse being driven; that while standing on the temporary crossing he could see an approaching train from one-half to three-fourths of a mile distant; that he told the driver to come ahead, and after the vehicle had gotten on the tracks he told the driver to hurry up, and struck or punched the horse as it passed him; that an engine with a tender in front of it and a cut of cars behind ran up to within a short distance of this temporary crossing; that by this time the horse and vehicle had passed all the tracks and turned east, going along a temporary driveway about 300 feet in length, made by appellant for the convenience of the traveling public; that the horse took fright at the oncoming engine, tender and train, and the noise made by it, and ran away, the buggy collided with a pile of chains, placed along side the temporary driveway by appellant, and appellee was thrown from the vehicle and permanently injured.

We think that the invitation or direction of the flagman was an assurance of safety on which appellee had a right to rely, and that the action of appellee in entering on said crossing was justified by the appearance of safety created by appellant.

This court, speaking by Jordan, J., in *Louisville, etc., R. Co.* v. *Schmidt* (1897), 147 Ind. 638, 650, 46 N. E. 344, said: "The authorities affirm that when a person rides up to a railroad crossing by the invitation or direction of a flagman or gate-keeper there stationed, and is injured at such crossing from trains, machinery or appliances of the railroad company, he has the right to recover, because the invitation or direction was an assurance of safety upon which he had a right to rely."

It is earnestly contended by counsel for appellant that the damages awarded are excessive, and that such must have been the result of prejudice or partiality, and "that even though appellee was entitled to some damages, the evidence submitted does not warrant any such

amount as was awarded by the jury.'' In such case, where liability is determined or conceded, the question as to the amount of damages to be awarded is a matter to be determined by the triers of the facts, under the supervision of the trial court, and unless the record discloses that the amount is so grossly excessive as to make it so appear at first blush, this court will require that it be pointed out wherein the record so discloses, to such extent as to induce the belief that the jury was actuated by prejudice, partiality or corruption.

This court, speaking by Jordan, J., in *City of Michigan City* v. *Phillips* (1904), 163 Ind. 449, 457, 71 N. E. 205, said: '' 'No precise rule can be laid down for the award of compensation in cases of this kind, where the injury sustained is permanent, and will entail constant suffering upon the injured party. The mere fact that the damages may appear to this court on appeal to be excessive will not alone justify it in disturbing the judgment, unless the assessment is so large as to induce the belief that the jury was actuated by prejudice, partiality or corruption.' '' We do not feel that such belief has been induced.

We see no error in the record that would warrant a reversal. Judgment affirmed.

NOTE.—Reported in 98 N. E. 729. See, also, under (1) 29 Cyc. 644; (2) 38 Cyc. 1693; (3) 3 Cyc. 348; (4) 33 Cyc. 1035; (5) 3 Cyc. 381. As to the burden of proof to prove or disprove contributory negligence, see 28 Am. Rep. 563; 39 Am. Rep. 511; 58 Am. Rep. 229. As to the duty of a traveler to use his senses to avoid danger at a railway crossing, see 90 Am. Dec. 780. As to the duty of railroad companies to keep flagmen at crossings, see 100 Am. Dec. 412; 17 Am. Rep. 363; 37 Am. Rep. 443. On the question of the duty of one crossing railroad track as affected by flagman's signal to proceed, see 15 L. R. A. (N. S.) 803.