## WORKMAN v. RHODES.

[No. 9,324. Filed October 30, 1917.]

1. APPEAL.—*Presenting Questions for Review.—Ruling on Motion for New Trial.—Grounds.*—That the finding of the court is not fairly supported by the evidence, the finding of the court is clearly against the weight of the evidence, the judgment is clearly against the weight of the evidence, and the judgment is contrary to law, are not recognized by the statute as grounds for a new trial, and will not be considered on appeal. p. 414.

2. APPEAL. — *Review. — Evidence. — Weight and Sufficiency.* — Where the record discloses that there was legal evidence to support the decision of the trial court, the court on appeal will not weigh the evidence to determine its preponderance in order to reverse the judgment. p. 414.

From Martin Circuit Court; *James W. Ogdon,* Judge.

Action by Ott Workman against Elvett B. Rhodes. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Frank E. Gilkison,* for appellant.
*Hiram McCormick,* for appellee.

BATMAN, J.—Appellant filed his complaint against appellee in two paragraphs, the first being on a promissory note and the second on an account. Issues were joined by an answer in general denial. Trial was had by the court, with finding for appellee and judgment accordingly. Appellant filed his motion for a new trial, which was overruled, and this action of the trial court

is the only error properly assigned in this court and relied on for reversal.

In appellant's motion for a new trial the following reasons are assigned therefor: (1) The finding of the court is not sustained by sufficient evidence. (2) The finding of the court is contrary to law. (3) The finding of the court is not fairly supported by the evidence. (4) The finding of the court is clearly against the weight of the evidence. (5) The judgment is clearly against the weight of the evidence. (6) The judgment is not fairly supported by the evidence. (7) The judgment is contrary to law.

Of such reasons so assigned for a new trial, the third, fourth, fifth, sixth and seventh are not such as the statute recognizes, and will not be considered.

1. *Baltimore, etc., R. Co.* v. *Daegling* (1902), 30 Ind. App. 180, 65 N. E. 761; *Gates* v. *Baltimore, etc., R. Co.* (1899), 154 Ind. 338, 56 N. E. 722; *Lynch* v. *Milwaukee Harvester Co.* (1902), 159 Ind. 675, 65 N. E. 1025; *Schilling* v. *Quinn* (1912), 178 Ind. 443, 99 N. E. 740; *Hillel* v. *Buettner Furn., etc., Co.* (1916), 62 Ind. App. 481, 113 N. E. 12; *Kober* v. *Boyce* (1917), 64 Ind. App. 677, 114 N. E. 891.

The only question raised by appellant under the remaining reasons for a new trial relate to the sufficiency of the evidence, which was almost wholly oral.

2. An examination of the record discloses that there was legal evidence heard by the trial court on which to base its decision. Under such circumstances this court will not weigh the evidence for the purpose of determining where the preponderance lies, in order to reverse the judgment. *Beavers* v. *Bess* (1914), 58 Ind. App. 287, 108 N. E. 266; *Vandalia R. Co.* v. *House* (1914), 59 Ind. App. 10, 108 N. E. 872; *Nicholson* v. *Smith* (1915), 60 Ind. App. 385, 110 N. E. 1007; *Dorrell* v. *Herr* (1915), 184 Ind. 445, 111 N. E. 614.

We find no available error in the record. Judgment affirmed.

NOTE.—Reported in 117 N. E. 526.