## ZARING ET AL. *v.* HOME STOVE COMPANY.

[No. 14,633.   Filed November 23, 1932.]

*George G. Rinier* and *Waldo C. Wickliff*, for appellants.

CURTIS, J.—The appellee filed its complaint in one paragraph in the Marion Superior Court against the appellants, upon an account and to foreclose a mechanic's

lien. With the complaint, as an exhibit, was filed a copy of the said mechanic's lien. The complaint was answered by a general denial. Upon the issues thus formed the cause was submitted to the court for trial. At the close of the appellee's evidence the appellants moved the court to find for them, and against the appellee. No evidence was submitted by the appellants. The court made a general finding for the appellee upon the account and rendered judgment against both appellants for the amount found due, and ordered the mechanic's lien foreclosed and the real estate described in the complaint sold to satisfy the appellee's claim and demand. A motion for a new trial was seasonably filed and overruled, and this appeal prayed and perfected.

The assignment of errors, omitting formal parts and signatures, is as follows: "(1) That the trial court erred in overruling appellants' motion for a new trial. (2) That the trial court erred in overruling appellants' motion to find for the defendants at the close of the evidence herein."

The errors relied upon for reversal are substantially the same as the specifications in the assignment of error. The motion for a new trial, omitting formal parts and signatures, is as follows: "(1) The judgment of the court is contrary to law. (2) The judgment of the court is contrary to evidence. (3) The judgment of the court is contrary to the law and evidence. (4) The judgment of the court is not sustained by sufficient evidence."

None of the causes for a new trial stated in the motion for a new trial are recognized by the statute, and, therefore, no question for determination is presented by the motion. It is not necessary for us to cite the long line of unbroken decisions to this effect and we cite but a few. See *Rosenzweig* v. *Frazer* (1882), 82 Ind. 342; *Migatz* v. *Stieglitz* (1906), 166 Ind.

361, 77 N. E. 400; *Schilling* v. *Quinn et al.* (1912), 178 Ind. 443, 99 N. E. 740; *Workman* v. *Rhodes* (1917), 65 Ind. App. 413, 117 N. E. 526; see also, Watson's Revision of Works' Practice and Forms, Vol. 2, §1997, p. 555.

The motion for a new trial was correctly overruled.

By the second assignment of error an attempt is made by way of an independent assignment to predicate error upon the action of the court in overruling the appellants' motion to find for the appellants at the close of the appellee's evidence. But at no place in the appellants' brief is there shown that any ruling was ever made by the court on the motion in question except the bare statement that the court erred in overruling said motion. There is not shown that any exception was ever taken to said ruling. Indeed we have examined the record as presented to us, and it fails to disclose that any ruling was ever made on the motion, or that any exception was ever taken to the ruling complained of. We are driven to the conclusion that no ruling was ever made on the motion, or, if a ruling was made, that the appellants acquiesced in it by not objecting and saving an exception. In any such event the appellants have presented no question in relation thereto.

The appellee has failed to furnish us a brief and under the rules and decisions of the Supreme Court and this Court, this will be taken to be a confession of error, provided the appellant has made a prima facie showing of reversible error. But since no questions for our determination have been presented by the appellants, it follows necessarily that a prima facie showing of reversible error has not been made.

Judgment affirmed.