WOLF PRODUCE AND TRANSP. CO. ET AL. *v.* LANG TRUCKING, INC.

[No. 20,107. Filed January 11, 1965.]

*McDonald and McDonald,* of Princeton, for appellants.

*Steers, Klee, Jay & Sullivan,* of Indianapolis, and *Robert J. Fair,* of Princeton, for appellees.

HUNTER, J.—This appeal arises from an action instituted by plaintiff-appellee against defendants-appellants to recover property damages allegedly resulting from the negligent operation of appellants' vehicle. The trial proceeded without the intervention of a jury and the court's judgment was entered for the appellee.

Appellants assign as alleged errors that the decision of the trial court is not sustained by sufficient evidence and that such decision is contrary to law. The crux of these general specifications is grounded on the question of whether the trial court erred in allowing an amendment to the complaint after the trial to conform to the evidence.

The proceedings below pertinent to this question are as follows: One of appellee's allegations of fact in his complaint in rhetorical paragraph 7 in part stated that, "defendant carelessly and negligently drove said truck into the truck owned by the plaintiff . . . " Prior to the commencement of the trial, appellee orally requested to amend his complaint by striking the words "into the truck owned by the plaintiff" and by inserting in lieu thereof the words, "into the path of the truck owned by the plaintiff, requiring plaintiff's driver to swerve to avoid collision and thereby to strike a fixed object." Appellants objected to this change before the trial on the sole ground

that the amendment would constitute a new cause of action. The judge then asked appellants if they were asking for a continuance; there was no reply to this question in the record. The court then overruled the objection and stated "as we get into it we will find out". However, the court never ruled upon the particular motion made before trial by the appellee.

At the close of both plaintiff's and defendants' evidence, the defendants-appellants moved to strike the evidence tending to show that the occurrence was other than a collision. However, defendants never objected to the introduction of such evidence during the trial and the court properly overruled appellants' motion to strike the evidence. See *Beeler* v. *State* (1952), 230 Ind. 444, 450, 104 N. E. 2d 744.

*After conclusion of the trial, appellee filed a written motion to amend his complaint* by interlineation to conform to the evidence in substantially the same manner as he had requested before trial. The pertinent part of that motion is as follows:

"1. That rhetorical paragraph seven of plaintiff's amended complaint be amended by interlineation, by inserting on the second line thereof immediately following the words 'carelessly and negligently drove said truck into', the words 'the path of'.

2. That rhetorical paragraph seven of said amended complaint be amended by interlineation, by inserting on the third line thereof immediately following the words 'owned by the plaintiff', the words 'requiring plaintiff's driver to swerve to avoid a collision, and thereby to strike a fixed object,'.

3. That rhetorical paragraph seven of plaintiff's amended complaint, after amendment by interlineation, shall then read in its entirety:

'7. As plaintiff's truck was abreast of defendant's truck, defendant carelessly and negligently drove said truck into the path of the truck owned

by the plaintiff, requiring plaintiff's driver to swerve to avoid a collision, and thereby to strike a fixed object, damaging said truck as hereinafter more specifically described.' "

The court sustained the motion to amend and entered judgment for plaintiff. Thereafter, appellants filed written objections to the granting of said motion to amend. They later filed a motion for a new trial which essentially alleged error by the court in granting the motion to amend.

Appellants partially base allegation of error on the fact that the motion to amend submitted in opening statement was oral and did not conform to Supreme Court Rule 1-2A which provides in part:

"Motions to amend. Every motion to insert new matter or to strike out any part or parts of any pleading, deposition, report or other paper in the cause shall be made in writing and shall set forth the words sought to be inserted or stricken out . . . "

The appellants cannot predicate any error on the ground that the motion was oral. Their only basis for objection at the time the motion was submitted prior to the commencement of the trial *was to the effect that the proposed change in wording would cause the complaint to constitute a new cause of action.* Appellants' objection at said time was not premised on appellee's failure to comply with Supreme Court Rule 1-2A, *supra.* They waited until after the submission of appellee's case before objecting on the specific ground that the motion was not in writing. To present a question for review upon the ground that some procedure in the trial court is objectionable, appellant must make timely objection at the trial court level. *Azimow* v. *Stoker* (1960), 131 Ind. App. 195, 204, 166 N. E. 2d 887; 4 C. J. S., Appeal & Error, §246, p. 764. Also, it is a

basic rule that, on appeal, appellant is confined to the specific objection made in the trial court. *Tompkins* v. *Smith et al.* (1952), 122 Ind. App. 502, 106 N. E. 2d 487; Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice (1963 Pocket Part), §1993, p. 163. In this case, appellants did not timely object at the trial on the specific ground of error that they are now urging on appeal. They have therefore waived any possible error insofar as that which may be considered here.

Nevertheless, the oral motion before trial was never ruled upon. There cannot be error committed in the trial court as to a motion, when that motion was never acted upon by the court. *Brownlee, Administrator* v. *Hare et al.* (1878), 64 Ind. 311, 317; *Zaring* v. *Home Stove Co.* (1932), 95 Ind. App. 215, 217, 183 N. E. 133.

Appellants further claim that the granting of the motion to amend the pleadings to conform to the proof after trial and before judgment changed the cause of action and therefore deprived them of the opportunity of submitting a proper defense. Amendment of pleadings after trial is governed by §2-1068, Burns' 1946 Replacement which provides in part:

"After trial and before final judgment, the court may, *in its discretion and upon such terms as may be deemed proper for the furtherance of justice,* order that any pleading be amended by correcting any mistake in name, description, legal effect, or in any other respect; or *by inserting, striking out, or modifying* any material allegation, *in order that the pleadings may conform to the facts proved,* where the amendment will not deprive a party of any substantial right . . . " (our emphasis) (Acts 1881 (Spec. Sess.), ch. 38, §135, p. 240; 1921, ch. 115, §1, p. 277; 1941, ch. 72, §1, p. 185.)

It will be readily noted that the appellants' written motion to amend their complaint to conform to the proof was timely made under §2-1068, *supra*. Before we will overrule the action of the trial court allowing amendment of pleadings after trial, there must be a clear showing that the complaining party has been harmed and substantial rights taken from him. *Oppenheimer et al* v. *Craft* (1961), 132 Ind. App. 452, 459, 175 N. E. 2d 715, citing *Haley* v. *Wilson* (1932), 94 Ind. App. 402, 181 N. E. 46. Amending the complaint after trial may be harmful in certain cases where the theory of the complaint is changed. See *McCool* v. *Old Natl. Bank in Evansville, Admr.* (1938), 214 Ind. 679, 17 N. E. 2d 820. However, in the instant case, there has been no such change in the theory of appellee's complaint that would be harmful to appellants.

Attention is called to a previous decision on a similar type of amendment. In *Underwood* v. *Ferguson* (1956), 126 Ind. App. 643, 133 N. E. 2d 573, the trial court amended plaintiff's complaint in a negligence action, after trial, by striking the word "immediately" after the proof in the trial indicated that defendants' car was not *immediately* ahead of plantiff's car, but was two cars ahead. In holding that such a change in plaintiff's complaint did not change the cause of action as stated in the complaint, the court in *Underwood* v. *Ferguson, supra,* stated at p. 647:

> "With or without the amendment, the cause of action pleaded is the appellant's failure to give the signals required by law before stopping or suddenly decreasing the speed of his car in a situation where the appellee's car would necessarily be affected thereby."

In the case at bar, appellee's cause of action, even after the amendment, rests upon the theory of negli-

gence. The new fact arising at trial was to the effect that appellants' truck was driven *into the path* of appellee's vehicle, instead of *into* appellee's truck. This change in the facts could come under any of the following allegations of negligence that are set out in appellee's complaint upon which the trial proceeded.

"(a) Failing to yield the right of way to plaintiff's truck.

(b) Failure to determine whether the lane reserved for west bound traffic closest to the center was clear of oncoming vehicles, including that of plaintiff, before pulling into said lane.

(c) Failure to apply his brakes when he knew, or in the exercise of reasonable care, should have known, that if he failed to apply his brakes to stop said vehicle, collision with the vehicle of the plaintiff was imminent."

This new fact in no way could be construed as materially changing the appellee's cause of action. Appellants further have no reason to complain because they were familiar with the facts as to whether or not there was a collision of the vehicles. Also, appellants were apprised of the impending amendment before the trial and were therefore fully aware of the facts as appellee would show them to be. Therefore we hold that the trial court in permitting said amendment was acting within his legal discretion.

For all the foregoing reasons, no error was committed by the trial court and the judgment should be affirmed.

Judgment affirmed.

Bierly, P. J., Mote and Smith, JJ., concur.

Note.—Reported in 203 N. E. 2d 308.