NATIONAL DAIRY CORP. ET AL. *v*. GRANT

[No. 867A51. Filed October 31, 1968. Rehearing denied January 8, 1969. No Petition for Transfer filed.]

*Craven & Healy* and *Hamill & Price*, of Indianapolis, for appellants.

*Earl C. Townsend, Jr.*, and *John F. Townsend*, of Indianapolis, for appellee.

COOPER, J.—This is an appeal from a judgement rendered in the Marion Superior Court, Room #1, for the appellee, plaintiff below, and against the appellants in the amount of $25,700.00 and costs.

The amended complaint in this action was in two pleading paragraphs. The first pleading paragraph alleged a cause of action for personal injuries sustained in a collision between the plaintiff's automobile and a truck owned by the defendant, National Dairy Products Corporation, which was operated by the defendant, Sherman Douglas Allen, based upon the alleged negligence of the defendants. The second pleading paragraph of the complaint alleged a cause of action for property damage arising out of the same collision.

The issues were formed by the complaint and the defendants' answer in general denial. The cause was submitted for trial by jury, which returned its verdict for the appellee herein and judgment was thereafter rendered on the verdict.

The appellants assign as error on appeal the overruling of their motion for a new trial. Said motion, omitting caption, signatures, and the formal parts, is as follows:

"1. Irregularity in the proceedings of the Court by which Defendants were prevented from having a fair trial in this, to-wit: refusal and failure of the Court to rule on Defendants' Motion to have plaintiff examined by an urologist of Defendant's choosing prior to the trial.

"2. The damages assessed are excessive.

"3. The verdict is not sustained by sufficient evidence.

"4. Errors of law occuring at the trial of said cause are as follows, to-wit:

"(a) The court erred in overruling the objection of Defendants to the reading of the conditional examination of Sherman Douglas Allen, which said objection was as follows, to-wit: It was in violation of the 'Best Evidence Rule' since the witness was personally present in the court room at the time of the reading of said conditional examination.

"(b) The trial court erred in giving to the jury at the request of the plaintiff, plaintiff's instruction No. 11, to the giving of which instruction Defendants duly objected within the proper time after the court indicated plaintiff's instruction No. 11 would be given to the jury.

"5. The verdict of the jury is contrary to law."

The appellants argue under their first cause for a new trial the court's refusal and failure to rule on the defendants' motion to have the plaintiff examined by an urologist of the defendants' choosing prior to the trial. It appears from the record that the appellants submitted an unverified written motion before trial to have the plaintiff examined by an urologist. Such written motion was never ruled upon by the trial court. This court in the case of *Lake Erie and Western Railroad Company v. Griswold, et al.* (1919), 72 Ind. App. 265, 269, 125 N. E. 783, stated:

"A motion to require the plaintiff to submit to a physical examination is addressed to the sound discretion of the trial court. The exercise of such discretion is reviewable on appeal and correctable in cases of abuse. The refusal of such a motion, when the circumstances appearing in the record present a reasonable and clear case for the examination, is such an abuse of discretion as will operate to reverse a judgment. *Kokomo, etc., Traction Co. v. Walsh* (1915), 58 Ind. App. 182, 108 N. E. 19; *City of South Bend v. Turner* (1901), 156 Ind. 418, 60 N. E. 271; 54 L. R. A. 396, 83 Am. St. 200."

However, we are of the opinion that the record in this case did not present such a reasonable and clear case for the examination that the refusal of the trial court to rule thereon would constitute reversible error. In the case of *Wolf Produce and Transp. Co. et al. v. Lang Trucking, Inc.* (1965), 136 Ind. App. 571, 575, 203 N. E. 2d 308, 310, this court stated:

"There cannot be error committed in the trial court as to a motion, when that motion was never acted upon by the court. *Brownlee, Admr. v. Hare, et al.* (1878), 64 Ind. 311, 317; *Zaring v. Home Stove Co.* (1932), 95 Ind. App. 215, 217, 183 N. E. 133."

Furthermore, our Supreme Court has held that a party must abide by a procedure which he has induced the trial court to follow. Where, as in this case, a party proceeds, without the court having ruled on a pending motion, he does so at his own peril, unless he has made a part of the record his request to the court to rule on the motion before he proceeds with his case.

In the case of *Thorne et al. v. Cosand, et al.* (1905), 160 Ind. 566, 67 N. E. 257, after an unfavorable verdict and judgment, the appellant objected to certain procedure. The Supreme Court held that after the proceeding was had, the appellant should not be allowed to question the regularity of the steps he had induced the Court to take. To the same effect, see *Dawson v. Shirk* (1885), 102 Ind. 184, 1 N. E. 292; *State ex rel Cline et al. v. Shricker, Governor, et al.* (1950), 228 Ind. 41, 45, 88 N. E. 2d 746.

The appellants further allege in cause no. 5 of their motion for a new trial, that the verdict of the jury is contrary to law, in that the appellee was guilty of contributory negligence as a matter of law. In reviewing the evidence in the record, it appears that the accident from which this action arose occurred during the night time, that there was some snow and slush on the streets and that the streets were slick. There was conflicting evidence as to whether the collision occurred in an intersection, or occurred when the appellee struck the appellant's truck as it was coming out of a parking lot, or whether the collision occurred as the result of the appellee striking the appellant's truck while it was parked in the street. Conflicting testimony was introduced as to whether the appellant's truck had its lights

on, and the speed at which the appellee was driving his car. Upon examination of the evidence in the record most favorable to the appellee, we cannot say as a matter of law that the appellee was guilty of contributory negligence because the evidence was controverted and conflicting and, as such, the question was one of fact for the trial jury.

Both our Supreme Court and this Court have in many cases stated the rule, in substance, that the question of contributory negligence, is one of fact for the jury when evidence on the point is in dispute, or is conflicting, or is such that reasonable men could fairly draw different inferences from undisputed facts. *New York Central Railway Company v. Milhiser* (1952), 231 Ind. 180, 190, 106 N. E. 2d 453; *Larkins v. Kohlmeyer* (1950), 229 Ind. 391, 395; 98 N. E. 2d 896; *Gamble, et al. v. Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629; *The Pennsylvania Railroad Company et al v. Mink* (1966), 138 Ind. App. 311, 212 N. E. 2d 784, 787; *Leppert Bus Lines, Inc. v. Rayborn* (1962), 133 Ind. App. 325, 331, 182 N. E. 2d 260. It is only in cases where the facts are undisputed and but a single inference can be drawn therefrom that this court can say as a matter of law that the course of conduct shown constitutes contributory negligence. *New York Central Railway Company v. Milhiser, supra,* and authorities cited therein.

The appellants next urge as error in their motion for a new trial that the trial court erred in admitting into evidence over the objections of the appellants, the deposition of the defendant Sherman Douglas Allen. It appears from the record that the deposition had been taken by agreement of the parties. We are of the opinion that the trial court did not commit error in allowing the deposition to be introduced into evidence. Acts 1961, ch. 292, § 4, p. 729, 1965, Ch. 92, § 2, p. 129, the same being Burns' Indiana Statutes Annotated, 1968 Repl. § 2-1536, reads in part as follows:

". . . (b) the deposition of a party who is a natural person . . . *may be used by an adverse party for any purpose.* (Emphasis ours).

Furthermore, Acts 1881 (Spec. Sess.) ch. 38, § 292, p. 240, the same being Burns' Ind. Statutes, Anno. 1968 Rep. § 2-1506, states:

"In all actions, depositions may be taken by either party, in vacation or term time, at any time after service of summons, without order of court therefor. They may be used on the trial of all issues, in any action in the following cases:

"THIRD. When the depositions have been taken by agreement of parties, or by order of the court trying the cause."

The appellants argue in cause 4b of their motion for a new trial that the trial court erred in submitting to the jury, over the appellants' objection the appellee's instruction #11. The instruction tendered and given is as follows:

"If you find from a fair preponderance of the evidence that the plaintiff herein is entitled to recover on his first paragraph of complaint, and if you further find that plaintiff had a pre-existing disability which was aggravated as a direct result of the negligence of the defendants, then I instruct you that plaintiff is entitled to recover therefor such an amount as would fully compensate him for such aggravated condition as well as for suffering and pain that he has experienced, if any, on account of such aggravation of his pre-existing condition."

The appellants argue in essence, that there is nothing in the record to evidence aggravation of a pre-existing condition.

After reviewing the evidence in the record, it appears that the appellee was a diabetic before the injuries complained of in this cause of action. The record reveals that medical testimony was introduced by both parties showing that dia-

betic persons suffer more from injuries and have a tendency to heal and recover much slower than a normal individual.

Our Supreme Court in the case of *The Ohio & Mississippi Railroad Company v. Hecht* (1888), 115 Ind. 443, 17 N. E. 297, stated at p. 444:

> "Where a disease caused by the injury supervenes, *as well as where the disease exists at the time of the injury, and is aggravated by it,* the plaintiff is entitled to full compensatory damages." (Emphasis ours.)

Other Indiana decisions which allow damages for aggrevation to a pre-existing injury, when such injury is shown in the record, are, *Indiana Union Traction Co. v. Jacobs* (1906), 167 Ind. 85, 78 N. E. 325; *The Louisville, New Albany & Chicago Railway Company v. Snyder* (1888), 117 Ind. 434, 20 N. E. 284; *Indpls. Traction and Terminal Company v. Peeler* (1919), 69 Ind. App. 645, 122 N. E. 600; *The Louisville, New Albany and Chicago Railway Company v. Jones* (1886), 108 Ind. 551, 9 N. E. 476. Therefore, under the evidence appearing in the record, we are of the opinion that the trial court did not commit reversible error in giving the foregoing appellee's instruction #11.

Causes numbered 2 and 3 of the appellants' motion for a new trial were not argued in their brief, and are therefore deemed waived pursuant to the Rules of the Supreme Court, Rule 2-17.

Because of the above and foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

Carson, C.J., and Prime, J., concur.

Faulconer, J., concurs with results.

NOTE.—Reported in 241 N. E. 2d 275.