PAUL GROUT, Plaintiff, v. ALBERT ZAPFE, Defendant.

(Supreme Court, Kings Special Term, November, 1920.)

Covenants — restrictive — fire escape does not constitute a " building "— one who violates a covenant cannot complain against his neighbor.

> A fire escape, which will project into the restricted space, does not constitute a " building " within the meaning of a covenant " that no building whatsoever shall be erected within * * * five feet of the front of any of said lots."
>
> Where in an action to restrain the violation of such a restrictive covenant it was conceded that the stone stoop in front of plaintiff's dwelling is within the five feet, a motion for an injunction *pendente lite* to restrain the defendant from placing such fire escapes upon his building will be denied.

MOTION for injunction *pendente lite*.

Dean Potter, for plaintiff.

H. S. and C. G. Bachrach, for defendant.

FABER, J.   Plaintiff moves for an injunction *pendente lite* to restrain an alleged violation of a restrictive covenant " that no building whatsoever shall be erected within * * * five feet of the front of any of said lots which are situated on Willow street." Defendant originally intended to erect a building upon the five-foot space, or a part thereof, but has modified this intention and removed his proposed building back to conform to the said restrictions, but intends to place fire escapes upon the front of the structure, which fire escapes will project into the restricted space. It is conceded that the plaintiff has in front of his dwelling a stone stoop erected within the five feet. I am of the opinion that the intended fire

Supreme Court, November, 1920. [Vol. 113.

escape does not constitute a " building " within the meaning of the covenant under consideration. See *Olcott* v. *Sheppard Knapp & Co.*, 96 App. Div. 281; affd., 185 N. Y. 584. In that case the court said, in speaking of the glass and metal awning: " The courtyard space is open, and in effect constitutes a part of the sidewalk in front of the defendant's building. Taking all of the evidence into consideration as to the construction of the awning, I am of the opinion that it is not a violation of the covenant referred to. That covenant contemplates that the space shall be kept open, so far as *building upon it is concerned.*" So it may be said here that the covenant contemplated that the space should be kept open so far as building upon it was concerned. The space will remain open without any obstruction from the fire escapes. The plaintiff, however, with his solid stoop erected within the five feet, actually prevents that space being open. Moreover, other stoops, balconies, bay windows and railings have for many years formed part of various buildings affected by the covenant, and have been erected upon or projected into the restricted space. I am clearly of the opinion that it would therefore be inadequate to restrain the defendant from placing the fire escapes upon the building in question, even if they violated the covenant. Although defendant's affidavit shows that he has changed his plans so as to place the building itself back of the restricted space, yet plaintiff asks that the defendant be restrained from erecting the building within such space. This, it seems to me, would be a futile thing under the facts as they now exist.

Motion denied, with costs.